EUGENE L. JOHNSON *et al.*

*v.*

WILLIAM POLLOCK.

1. CONTRACTS—*construction of, in a particular case.* P, being in the possession of a certain tract of land, entered into a written contract with J, whereby it was agreed that P would pay to J a given sum, on condition that the latter should convey to him the patent title to the land: *Held,* that this agreement did not create between the parties the relation of vendor and vendee, or that of lessor and lessee.

2. SAME—*rights of parties under the same, defined.* That P, having acquired possession of the land independently of, and prior to, the making of said agreement, and while so in possession, having contracted with J for the patent title, he can not be compelled to pay his money for and accept a less title than that for which he bargained.

3. SAME—And in such case, J having failed to obtain the patent title, and it appearing that P had never rescinded or repudiated the contract, but at all times has been ready and willing to pay the sum stipulated upon the conveyance to him of the patent title, J will not be permitted to rescind the contract and recover possession of the premises, on the strength of an agreement he has never been in a condition to perform.

4. EVIDENCE—*parol—admissible, to show why an erasure was made in a writing.* Where a written contract, offered in evidence, exhibits an erasure of a certain part, parol evidence is admissible to show why such erasure was made. Such proof can not vary its contents in any manner.

APPEAL from the Circuit Court of Schuyler county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

This was an action of ejectment, brought by the appellants, Eugene L. Johnson and others, against the appellee, William Pollock, in the circuit·court of Schuyler county, to recover the W. ½ of the N. W. ¼ of Sec. 4, T. 3 N.,R. 2 W., situated in said county. At the May term of said court, 1869, the cause was tried before the court, without a jury; and at the October term following, a judgment was rendered in favor of the appellee, to reverse which, the appellants bring the record to this court by appeal. The facts in this case are sufficiently stated in the opinion of.the court.

Mr. J. S. WINTER, for the appellants.

Messrs. HAY, GREENE & LITTLER, and Mr. J. S. BAILEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It appears to us the error of the plaintiffs is, in assuming that the position of these parties is that of lessor and lessee, or vendor and vendee, the latter holding the possession under a contract to purchase. We do not understand this to be their position. The defendant was in possession, jointly, with one Runkle, prior to and at the time of the contract, and while so in possession, plaintiffs, then having a bare claim or color of title, entered into a written contract to convey to them the patent title. This is the agreement, as construed by this court, in *Runkle et al.* v. *Johnson et al.* 30 Ill. 328. The plaintiffs were not, then, the lessors of the defendants, nor as vendees from the plaintiffs did defendants go into possession under them. The contract does not allude to the possession Runkle and Pollock had, as having been received from the plaintiffs, or intimate that they had anything to do with the possession, in any manner or degree. Its sole import is, if the plaintiffs shall convey the patent title to them, they being then in

possession as mere intruders or trespassers, they will pay the plaintiffs for such title, the sum of money stipulated and at the times specified in the agreement.

This is the contract, and the only contract. It must be conceded the defendants were not bound to pay their money for the mere covenants of the plaintiffs. It was the patent title for which they agreed to pay, and to that they are entitled. Have the plaintiffs offered to convey such title? Their counsel do not pretend they have. He says, if we understand his argument correctly, that he introduced the evidences of title which he submitted, for the purpose of giving strength to the color of title which the defendants had acquired for themselves by their possession and payment of taxes. This possession and payment of taxes, under claim and color of title, would not confer an absolute title. They only operate to bar a recovery by him who has the paramount or absolute title. It might be in this case, that there were persons connected with this title who would not be bound. But a bar was not what the defendants contracted to pay for and the plaintiffs to give. It was the patent title.

But the plaintiffs insist that in this action, the defendants are not permitted to deny their title, as they have acknowledged it by entering into the contract, and can not now dispute the title. If it had been shown the defendants had repudiated the contract, the rule invoked might apply, but they have never repudiated it. They have always claimed the benefits of it, and that they have always been ready to pay the money whenever the plaintiffs shall obtain the patent title and convey it to them. This action, therefore, can not proceed on the ground that the defendants have rescinded or repudiated the contract; they have done neither. The cases cited by plaintiffs are wholly unlike this, in this its leading and distinctive feature. As for the plaintiffs, they are not in a position to rescind and bring ejectment, because they have never been in a condition to perform. *Baker* v. *Bishop Hill Colony,* 45 Ill. 264.

As we have said, this case is wholly unlike any of those cited by plaintiffs. By the terms of the written agreement, it does not appear ·defendants ever admitted any title in the plaintiffs. At the time of the execution of the instrument, they then had a quit claim deed from Margaret Gregg, as the only heir at law of the patentee, executed and acknowledged on the 3rd of December, 1857. This deed plaintiffs supposed conveyed the title to them, but it did not satisfy Runkle and Pollock, and they then agreed to convey to them the patent title, and in hunting for it, they found that Rosanna Moore, before her death, had, on the 6th of May, 1818, conveyed the land to one William Smith, and for aught that appears is now in him or his legal representatives.

Would it not be the most monstrous injustice to oust these defendants from the possession of this land, ·when they have always been ready and willing, and are now, to pay all they contracted to pay, upon conveying to them the patent title. The defendants acquired possession of the land, not through the plaintiffs, but independently of them; and they have ·a clear right to maintain that possession notwithstanding their contract, which is merely an undertaking to pay the plaintiffs a certain price for the land, whenever they shall produce to them the paramount or patent title, not acknowledging that they had any title. .

On this branch of the case, the testimony of Mr. Bagby, the attorney who drew the agreement, is significant. He testifies that, at the time of the writing, plaintiffs claimed they were the owners of the patent title through the deed from Margaret Gregg, as the only heir at law of the patentee; that at the request of the parties he drew up the contract of purchase upon a printed blank form containing this clause : "And in case of failure of the party of the second part to make either of the payments, or perform any of the covenants on their part, the party of the first part shall have the right to declare this contract forfeited and determined, and re-enter and take possession of said land, and retain all payments that shall have been made on

this contract;" that defendant and Runkle objected to this clause, stating, if Johnson and company have not acquired the patent title through Margaret Gregg's deed, then they would have to pay the money or give up the land and still acquire no patent title to the land. The plaintiffs then said they would prove up their title, and employed Mr. Bagby to file a bill in chancery for that purpose, and consented that this clause should be stricken out, which was done, and the contract was executed as it now reads.

This evidence was objected to by the plaintiffs on the ground that it varies the contract actually signed. We do not so understand it. It is not denied the contract in evidence shows this erasure,—proof why it was made can not vary the contract in any manner. The scope of the evidence is to show why the words were erased—the intention of the parties in erasing them. But the plaintiffs' counsel insists, had the erased clause been preserved in the contract, no other or greater legal rights or obligations between the parties would have been created than result from it as it is. That clause, with the exception of that portion of it giving to plaintiffs the right, on declaring a forfeiture, "to retain all payments that shall have been made on this contract," he insists is but a declaration of the legal effect of the contract as executed, which still adheres to it as completely as though it were expressed in terms upon its face. For, he says, a vendee in possession, claiming title under a contract of purchase, even when it is not so expressed, by accepting it, undoubtedly holds under an implied promise he will either pay for the land according to his agreement or surrender the possession to the vendor. If this be so, then the testimony of Mr. Bagby has worked no injury. But here is seen the radical error of the plaintiffs' counsel—the false hypothesis on which this cause has been conducted. It is not true that these defendants are vendees in possession under a contract of purchase. They occupy no such position. They are in, not by virtue of any contract of purchase, but being in possession, they agree, if the plaintiffs will convey to them the patent title

to the land, they shall be paid therefor $1,500. If the views of plaintiffs were sound, how easy would it be for a sharp speculator in land to oust any person occupying under a defective title a tract of land, by agreeing with him to convey to him the patent title to his land, and failing in this, bring ejectment and turn him out of possession on the strength of such an agreement. This can not be the law any where, as it is not justice. We perceive no ground for the interference of this court to disturb the judgment. It must be affirmed.

*Judgment affirmed.*