--------o-&-o--------

## THOMAS HAYDEN *vs.* JOTHAM GOODNOW.

The plaintiff, the indorsee and *bonâ fide* owner of a bill of exchange, and to whom at the time he received the bill it was properly indorsed to pass the title, and so continued till after its maturity, before the commencement of the suit erased all the indorsements upon it. Held, that the question of the effect of the erasure upon the plaintiff's title was a question of fact, which, having been passed upon by the court below in rendering judgment for the plaintiff, could not be reviewed by this court.

The burden of proof of accounting for an erasure or alteration is not necessarily on the party producing the instrument. Each case must depend on its own circumstances, and the triers must be satisfied that the erasure or alteration was fairly made so as not to affect the validity of the instrument.

ASSUMPSIT by indorsee of a bill of exchange against acceptor; brought to the Superior Court for Hartford county, and tried on the general issue closed to the court (*Phelps, J.*)

The defendant accepted the draft for the accommodation of other parties, and with no funds of the drawer or payee in his hands, and entirely upon the assurance of the payee that funds should be provided to meet it at maturity, and he would not otherwise have accepted it. The plaintiff received the draft before maturity, in the ordinary course of business, in payment and extinguishment of a pre-existing debt due from the Bay State Iron Manufacturing Company, of which the payee was secretary, and the drawer president. The plaintiff was a *bonâ fide* holder of the draft, without notice or knowledge that the acceptance by the defendant was without consideration, and for the accommodation of other parties,

and did not know that it was accepted on the faith of assurances from any party that funds would be provided to meet it at maturity.

When the plaintiff received the draft it was properly indorsed to pass the title to him by the party to whose order it was made payable, and so continued until after its maturity, but the plaintiff, before or at the time of the commencement of his suit, erased all the indorsements which had been put upon it, which erasures were unexplained except so far as they are explained by the facts found in the record. The plaintiff at the time of the commencement of the suit, and at the time of trial, was the *bonâ fide* owner of the draft, and no evidence was offered that he had ever parted with the ownership from the time he first received it. The case was tried on the part of the plaintiff by depositions, and no questions as to the erasures were made until the time of trial.

The defendant claimed that such erasure would prevent the plaintiff from maintaining this action in his own name as plaintiff, and also claimed that the plaintiff was chargeable with knowledge of want of consideration, and of the agreement of the payee to pay the draft, or to furnish funds therefor, upon the faith of which the draft was accepted by the drawee, and that therefore judgment should be rendered for the defendant.

The court rendered judgment for the plaintiff, and the defendant moved for a new trial.

*F. Chamberlin* and *E. Hall*, in support of the motion.

It appears that when the plaintiff received the draft it was properly indorsed to pass the title to him, and so continued until after its maturity, but that the plaintiff, before or at the time of the commencement of the suit, erased all the indorsements which had been put upon it. Can the plaintiff maintain the action in his own name after such erasure?

1. The plaintiff must have the legal title to a note at the time of the commencement of suit, and at the time of trial. *Vila* v. *Weston*, 33 Conn., 49; *Lee* v. *Jilson*, 9 id., 94; 1 Swift Dig., 430.

The finding is that at the time of the commencement of the suit the plaintiff was the *bonâ fide* owner. The title to the bill was in the plaintiff until after maturity. The indorsements were erased before or at time of the commencement of the suit. The right of action at law is vested solely in the party having the strict legal title and interest in the claim sought to be enforced, in exclusion of the mere equitable interest. *Curtis* v. *Bemis*, 26 Conn., 3 ; 1 Chit. Pl., 2. The action on a contract must be brought and maintained in the name of the party in whom the legal interest in such contract is vested. The plaintiff being simply the owner of a bill drawn to the order of the payee, with no existing indorsement by him, the legal title is necessarily in the payee. It is true that if a note be drawn payable to bearer, or to the order of the payee and indorsed in blank, the law presumes the title to be in the party holding it, but this presumption being grounded upon the indorsement, when the indorsement is destroyed the presumption necessarily falls with it. After the erasure of the indorsement both the legal title and the equitable ownership of the bill may have passed back to the payee. The presumption arising from the unexplained erasure is that it did so pass back. The finding is that when the plaintiff received the bill it was properly indorsed to pass the title, and so continued until after its maturity. If the title did reinvest in the payee, the defendant had as against him a perfect defence ; for the court finds that the defendant accepted the bill for the accommodation of other parties, and with no funds of the drawer or payee in his hands, and entirely upon the assurance of the payee that funds should be provided to meet it at maturity ; and he would not otherwise have accepted it.

2. Any alteration which in any event may affect a promissor's liability is material and vitiating if made without his assent. 2 Parsons on Notes and Bills, 564. In the case at bar the only promise made by the acceptor directly and personally to any indorsee grows out of the indorsement ; and an erasure or alteration of the indorsement could not otherwise than be material and affect the promise.

If the alteration be made without fraudulent intention, and it is so shown, the court will permit the indorsement to be restored. Bayley on Bills, 94, ch. 4, sec. 1; 2 Parsons on Notes and Bill, 570. It was allowed in *Nevins* v. *De Grand*, 15 Mass., 436. But in that case the court says: " It being clear that the words now moved to be restored were stricken out with honest intentions, and that the acceptor has in no way been prejudiced thereby, or can be in any way injured by the restoration, justice requires and the law allows it to be done." The same doctrine is laid down in 2 Parsons on Notes and Bills, 570; *Bowers* v. *Jewell*, 2 N. H., 543. But in the case at bar if the title reverted to the payee by the erasure of the indorsements, and the defendant had a perfect defence while in the payee, then the restoration of the indorsement would prejudice the rights of the defendant.

An erasure by mistake would not destroy the plaintiff's title, but the mistake must be shown. 2 Parsons on Notes and Bills, 564. There is in this case no explanation of the erasure upon the record, nor any claim that the indorsements were erased by mistake or for any limited purpose.

3. The onus is upon the plaintiff to explain the erasure. Chitty on Bills, 189*a*; 2 Parsons on Notes and Bills, 546, 576, 577, 578; *McMicken* v. *Beauchamp*, 2 La., 290; *Herrick* v. *Malin*, 22 Wend., 388; *Knight* v. *Clements*, Wil., Wool. & Hodg., 280; *Henman* v. *Dickinson*, 5 Bing., 183.

4. The plaintiff in his declaration alleges that in consideration of the indorsement and delivery, etc., of the draft to him, the defendant promised to pay to him, etc. It was for the plaintiff to prove as a part of his case that the draft was properly indorsed at the commencement of the suit, and at the time of trial. He held the bill, and, whether the evidence was taken by deposition or otherwise, must have known his apparent want of legal title, and should have proved his case.

*Buck*, contra.

FOSTER, J. The plaintiff, as indorsee of a bill of exchange drawn on the defendant, seeks to recover its amount from him as the acceptor. Under the plea of the general issue, the defendant gave notice that he should claim and prove that the draft was accepted without funds or consideration, as an accommodation draft, upon the promise of the payee that funds should be provided to meet it, and that none were provided; of all which the plaintiff had notice and knowledge; also, that the plaintiff paid no valuable consideration for said draft.

On the trial the defendant further claimed, that, as the plaintiff had erased all the indorsements on the draft before or at the time of the commencement of his suit, giving no explanation of the same except such as appears of record, the plaintiff could not recover. The issue was closed to the court, and judgment rendered for the plaintiff.

Two questions appear on this motion for a new trial; one, as to whether the plaintiff was chargeable with knowledge of the want of consideration, and of the agreement of the payee to pay the draft, or to furnish funds to pay it, it being found that it was an accommodation draft, and that such an agreement was made; the other, as to the legal effect of the erasure of the indorsements.

The finding shows that the plaintiff received the draft before maturity, in the ordinary course of business, in payment and extinguishment of a pre-existing debt, due from a company of which the drawer was president, and the payee was secretary; that the plaintiff was a *bonâ fide* holder of the draft, without notice or knowledge that the acceptance by the defendant was without consideration, and for the accommodation of other parties; and did not know that it was accepted in the faith of assurances from any party that funds would be provided to meet it at maturity. It is therefore difficult to see what legal question remains about which any possible doubt exists as to the general right of the plaintiff to hold the defendant liable on this acceptance. That question has, at last, very properly been waived by the defendant's counsel,

and the remaining one, as to the effect of the erasure of the indorsements only, has been argued before us.

When the plaintiff received the draft it was properly indorsed to pass the title to him by the party to whose order it was made payable, and it so continued till after its maturity. At the time of the commencement of the suit, and at the time of trial, the plaintiff was the *bonâ fide* owner of the draft, and there was no evidence offered that he had ever parted with the ownership from the time he first received it.

That the plaintiff must have had the legal title to this bill at the time the suit was commenced; that it must have continued in him up to and at the time of the trial, in order to enable him to maintain this action, is undoubted law; indeed it cannot be considered an open question in this state. *Lee v. Jilson*, 9 Conn., 94; *Curtis v. Bemis*, 26 id., 1; *Vila v. Weston*, 33 id., 42. As to the effect of the erasure of the indorsements, WILLIAMS, C. J., in giving the opinion of the court in *Bailey v. Taylor*, 11 Conn., 541, says, " The result to which we have arrived is, that where there is an erasure or alteration in an instrument under which a party derives his title, and the adverse party claims that such erasure or alteration was improperly made, the jury are, from all the circumstances before them, to determine whether the instrument is thereby rendered invalid." Now the judgment of the court below, which was for the plaintiff, must have the same effect here as the verdict of a jury. The effect of this erasure having thus been passed upon as a matter of fact, and the ownership of this draft being found to be still in the plaintiff, we cannot, as matter of law, reverse that decision, and say that the plaintiff's title was gone, and had vested in another.

The burden of proof of accounting for an erasure or alteration is not necessarily on the party producing the instrument. It has been so held in some courts, but the law is otherwise in this state. *Bailey v. Taylor, ut supra.* Each case must depend on its own circumstances, and the triers must be satisfied that the erasure or alteration was fairly made, so as not to affect the validity of the instrument;

and in a case of this sort that it was without any purpose or intent to transfer or change the title or ownership of the instrument.

A new trial is denied.

In this opinion the other judges concurred.