JEANNETTE NEIL, *Administratrix, &c.*, v. J. I. CASE & Co.

1. DEMANDS AGAINST ESTATES; *Appeal; Practice.* Section 108 of the code has no application to the hearing of demands presented for allowance in the probate court against the estate of a decedent; and where an appeal is taken from the decision of the court upon the rejection of a demand to the district court, and the proceeding is tried anew, without other papers or pleadings than those filed in the probate court, the failure to deny under oath the execution of the written instrument presented as the foundation of the demand does not admit its execution, or dispense with the proof thereof.

2. ALTERATION OF WRITTEN INSTRUMENT, *Explanation of; Evidence.*
When a material alteration is apparent on the face of a written instru-
ment offered in evidence, the question as to the time of such alteration
is in the last instance one for the jury. It is like any other fact in the
case, to be settled by the trier or triers of the facts. Generally, in such
a case the instrument may be given in evidence, and may go to the jury
or trier of fact upon ordinary proof of its execution, leaving the par-
ties to such explanatory evidence of the alteration as they may choose
to offer.

### *Error from Republic District Court.*

ACTION upon a promissory note, brought by *Case & Co.*,
against *Jeannette Neil*, administratrix of the estate of John
Neil, deceased. Trial at the October Term, 1879, of the dis-
trict court, and judgment for the plaintiffs. The defendant
brings the case here. The opinion states the facts.

*L. J. Crans*, for plaintiff in error:

1. Section 108 of the code applies only to *actions*. This
case is not an action, but a proceeding before a probate court,
wherein no provision is made for any pleadings whatever.
The code has no application, and has not in any manner
changed the rule of the common law, which requires proof of
the execution of an instrument before a recovery thereon can
be had; or, in other words, a failure to deny under oath the
execution of any instrument upon which a claim is founded
does not admit its excution. (1 Cal. 401.)

2. The court below held that it is a presumption of law
that the alteration of the instrument was made prior to the
signing thereof, and that therefore the burden of proof was
upon the defendant to show that the alteration was made
after the signature. This is error. The party who claims
under the instrument which appears upon its face to have
been altered, is bound to explain the alteration, but not so
when the alteration is averred by the opposite party, and it
does not appear upon the face of the instrument. (1 How.
[U. S.] 104. See also 1 Pinney, 340; 9 Barr, 186; 1 Gr.
Ev., § 564; Chitty on Bills, 212; 2 Starkie, 263.)

3. The alteration in question was apparent upon the face

of the instrument, and being a material alteration it destroyed the instrument. (19 Johns. 391. See also 10 Am. Dec. 267, note, and cases there cited; 7 Serg. & R. 505; 1 Pinney, 340; 1 N. W. Rep. 491, 980; 10 Mo. 348.)

*Guthrie & Brown, Palmer & Knappenberger,* and *Edwin A. Austin,* for defendants in error:.

The functions of a district court in a case appealed from a probate court are those of a court of original jurisdiction. A district court proceeds as if the case had been originally instituted there. Upon the filing of the transcript and papers in the office of the clerk of a district court, the court becomes possessed of the cause, and proceeds to hear, try and determine the same anew, without regard to any error, defect or other imperfection in the proceedings of the probate court. (Comp. Laws 1879, p. 435, § 194.) It does not sit with the simple functions of a probate court. It does not sit as a reviewing court. Its duty is to try the case on its merits, and render judgment accordingly. (3 Kas. 78.) It follows, therefore, that in the hearing, trial and determination of the cause, a district court is amenable to all the rules and provisions of the civil code. The filing of the transcript merely brings the case within the jurisdiction of the court. When that is done, the proceeding must in all respects be the same as though originally commenced there. An issue must be made up, and the cause tried and judgment rendered as in any other action. The manner of proceeding on appeal from justices of the peace under the statute of 1868 (since changed) was as follows:

"The plaintiff in the court below shall be plaintiff in the district court, and the parties shall proceed in all respects in the same manner as though the action had been originally instituted there." (Gen. Stat., p. 801, § 124.)

Under this statute it was held that the pleadings required by the code must be filed in the district court, though none were filed or required before the justice; and such pleadings would be controlled and construed by all the provisions of the code applicable to pleading. (3 Kas. 434; 9 id. 104.)

The language of the section directing the manner of pro-ceeding on appeal from the probate court is much stronger, and the reasons which led to the construction given to the justices' act should apply with much greater force. It further follows, therefore, that the allegations of the execution of the note on which the claim was based, and of the indorsement thereon, should be taken as true, the answer denying the same not being verified. (Comp. Laws 1879, p. 616, § 108.)

Upon the second and third questions which the plaintiff in error raises in her brief, the decisions are not uniform. Authorities can be cited in which it is laid down that an alteration apparent on the face of an instrument will be presumed to have been made after its execution, and that it lies upon the party offering it to explain the alteration; but in other courts, and we think by the weight of authority, this doctrine is either doubted or denied. (2 Greenl. 147; 1 Shep. 386; 5 Har. & J. 41; 2 Johns. Cas. 198; 6 N. J. L. 215; 5 id. 737; 2 id. 44; 11 Conn. 531; 20 Vt. 205, 666; 6 Ind. 152; 12 id. 670; 44 N. H. 227; 2 Daniel on Neg. Instr., § 1165; 23 Miss. 538; 9 Serg. & R. 125; 1 Fla. 25.)

The opinion of the court was delivered by

HORTON, C. J.: On the 3d day of July, 1879, J. I. Case & Co., a corporation organized under the laws of the state of Wisconsin, filed in the probate court of Republic county a demand against the estate of John Neil, deceased, upon the following note:

"MINERAL POINT, WIS., Feb'y 7th, 1880.—Nine months after date, for value received, we promise to pay to the bearer, Francis Hambly, one hundred and forty-four $\frac{50}{100}$ dollars, with interest at 7 per cent., at W. F. Henry's bank, Mineral Point.                                    JOHN NEIL.

DAVID NEIL."

Indorsed: "Francis Hambly; Oct. 27, 1875, rec'd of John Neil one dollar."

The administratrix of the estate filed a written answer to the claim, alleging that the note was false and forged, also setting up the five-years statute of limitations, and stating that

there had been no payment of money upon the note within the lifetime of the intestate. The hearing upon the application to allow the demand was had August 28, 1879. The court took the matter under advisement until September 1st, following, at which time judgment was rendered against the plaintiffs for costs. Thereupon an appeal was taken to the district court. No new pleadings were filed; nor was any application made therefor. The case was tried at the October term, 1879, of the court, without the intervention of a jury. The plaintiff, upon the trial, offered the instrument in writing, evidencing the alleged claim. The administratrix objected, on the ground of the absence of proof of the execution of the note and indorsement thereon. The court held the execution of the instrument and the indorsement were confessed, as there had been no denial thereof verified by the affidavit of any party. This raises the first question presented for our consideration: Does § 108 of the code extend to cases like this appealed from the probate court to the district court, where new pleadings are not filed, and the proceeding is heard upon the papers of the probate court? Said section reads:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Now, § 194, ch. 37, Comp. Laws 1879, relating to appeals from the probate court, provides that upon the filing of the transcript and papers in the office of the clerk of the district court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same *anew*, without regarding any error, defect or other imperfection in the proceedings of the probate court. The primary meaning of "anew" is "over again," and to hear and try a case anew is to try the case "over again." In the probate court a claim exceeding $50 must be established by competent evidence before it is allowed, and the court hears and determines the demand without any formal pleadings. When the appeal is

perfected in the district court, the court is possessed of the cause, and hears and determines the same anew. These provisions seem to give each party in the district court the right to prove any demand or defense which might have been proved in the probate court upon the papers filed. In this light, § 108 has no application to appeals of this character where the parties do not file new pleadings. Clearly, a failure to deny under oath the execution of a written instrument set up as a demand in the probate court, does not dispense with the proof of its execution, and if the district court takes the case, and proceeds with it anew upon the appeal, the like practice ought to prevail there. In justice, § 108 ought not to extend to the representative of a deceased party in proceedings to establish demands upon written instruments in the probate court, and if new pleadings are not filed in the district court, the same rule should follow. The court therefore erred in receiving the instrument without due proof of its execution and the indorsement thereon. The decisions upon appeals from justices of the peace, under § 124, ch. 81, Gen. Stat. 1868, are not applicable here, as that section specifically prescribes that on appeal to the district court, the parties are to proceed in all respects in the same manner as though the action had been originally instituted there.

When the written instrument was presented in evidence it appeared from the face thereof that the rate of interest had been changed either from 7 to 10 or from 10 to 7 per cent., and the administratrix objected to the reception of the writing in evidence until such apparent alteration had been explained. The court overruled the objection, and held that the burden of proof was upon the defendant to show that the alteration was made after its execution. Counsel challenge this rule, and insist that the weight of authority is: If, on the production of a written instrument it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. This is a vexed question, and the books are full of diverse decisions. Four different rules are generally stated: *First,* That an alteration apparent

on the face of the writing raises no presumption either way, but the question is for the jury; *second*, that it raises a presumption against the writing, and requires therefore some explanation to render it admissible; *third*, that it raises such a presumption when it is suspicious, otherwise not; *fourth*, that it is presumed, in the absence of explanation, to have been made before delivery, and therefore requires no explanation in the first instance.

It is impossible to fix a cast-iron rule to control in all cases; but certainly the second rule, and the one contended for by plaintiff in error, is not the true one. Clearly, in ordinary cases the alteration ought not to raise a presumption against the instrument, because the law never presumes wrong. The question as to the time of the alteration is, in the last instance, one for the jury. It is, like any other fact in the case, to be settled by the trier or triers of the facts. Generally, the instrument should be given in evidence, and in a jury case should go to the jury, upon ordinary proof of its execution, leaving the parties to such explanatory evidence of the alteration as they may choose to offer. If there is neither intrinsic nor extrinsic evidence as to when the alteration was made, it is to be presumed, if any presumption is said to exist, that the alteration was made before, or at the time of the execution of the instrument. Perhaps there might be cases when the alteration is attended with such manifest circumstances of suspicion that the court might refuse to allow the instrument to go before the jury until some explanation; but this case is not of that character. (*National Bank v. Franklin*, 20 Kas. 264; *Stoner v. Ellis*, 6 Ind. 161; *Paramour v. Linsey*, 63 Mo. 63; *White v. Hass*, 32 Ala. 470. See also *Hunt v. Gray*, 35 N. J. L. 227; *Hayden v. Goodnow*, 39 Conn. 164; *Davis v. Jenney*, 1 Metc. 221.)

Many of the authorities conflicting with these views, upon examination will be found to have been based upon principles applicable to the alteration of written deeds only, and seem to have been founded upon the solemn character of sealed instruments as evidence. As the deed was the only evi-

dence of a contract under seal, and could not be contradicted, it was highly important that it should declare the true intent of the parties, and that it should speak an unvarying and unequivocal language; therefore it was deemed necessary to protect it from every possibility of alteration; hence the reason of many of the decisions holding every alteration as raising a presumption against the instrument. (*Henry Pigot's Case*, 11 Co. 27.)

On account of the admission of the note without sufficient proof of its execution, the judgment of the district court must be reversed, and the case remanded.

All the Justices concurring.