Aborn v. Rathbone.

◄●●►

ALONZO R. ABORN vs. DAVID J. RATHBONE.

New London Co., Oct. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

A receipt in full, given upon the part payment of a debt, in the absence of any impeachment of it for fraud or mistake, is valid and a discharge of the entire debt.

Where, upon part payment of a debt, a receipt in full is given for the purpose of aiding the debtor to settle more favorably with his other creditors and on his promise to pay the balance, the creditor cannot avail himself of these facts to set aside the receipt.

[Argued October 20th,—decided December 17th, 1886.]

ACTION for goods sold; brought by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of New London County, and tried to the jury, before *Mather*, *J.* Verdict for the defendant, and appeal by the plaintiff for error in the charge of the court. The case is fully stated in the opinion.

*D. G. Perkins*, for the appellant.

*F. T. Brown*, for the appellee.

GRANGER, J. The defendant was indebted to the plaintiff to the amount of $222, on the 1st of March, 1881. On that day he gave the defendant the following receipt:

"Norwich, Conn., March 1st, 1881. Received of Mr. Jewett Rathbone one hundred and fourteen $\frac{50}{100}$ dollars account in full to date.                    A. R. Aborn."

The plaintiff claimed, and offered evidence to prove, that at the time the receipt was given he offered to pay the plaintiff one hundred dollars in cash and receipt two small bills against him, coming to $14.50, if he would accept it in full, and that the plaintiff accepted it in full and gave the receipt in question.

The plaintiff claimed, and offered evidence to prove, that the payment was made on account only, and a receipt on account given, and that after it was made a person in the defendant's employ came to him and represented that the defendant wanted a receipt in full to show to his other creditors as a means of obtaining a more favorable settlement with them, and that it would not affect the plaintiff's claim, but that the defendant would pay the balance, and the plaintiff claimed that this was a fraud upon him on the part of the defendant, as the defendant had no other creditors except his father, with whom he did not attempt to compromise.

The plaintiff claimed that the receipt was void, as it had no other consideration than a part payment of the debt, which was insufficient; and that if otherwise valid, it was rendered void by the fraud of the defendant in obtaining it, and he requested the court to charge the jury in accordance with the claim, if they found the facts claimed by him to have been proved.

The court instructed the jury as follows :—

"If you find, as claimed by the plaintiff, that this receipt was given solely as a receipt for the money paid on account, and that the plaintiff did not intend and did not execute said receipt to discharge the balance of his account, (unless it was so given to aid the defendant in defrauding his creditors), then the receipt is no defense to this action, and your verdict should be for the plaintiff. Or if you find that the defendant, intending to defraud the plaintiff, obtained this receipt in the manner claimed by the plaintiff, and without

any intention on part of the plaintiff by giving such receipt to aid the defendant in defrauding his creditors, then the receipt is void, and the plaintiff can recover the unpaid balance of his account. Giving a receipt in full for a debt operates to defeat any further claim for the debt, unless the receipt is obtained under such circumstances of mistake, accident, surprise or fraud as would authorize a court of equity to set it aside. If the receipt was given by Aborn to enable Rathbone to defraud his other creditors, then Aborn was participating in the attempt to defraud, and has no right to set up fraud in his own behalf to make the receipt inoperative against himself."

We think the plaintiff has no ground for complaint against this charge. The general principle laid down with regard to receipts in full, has long been the settled law of this state, whatever it may be elsewhere. The receipt in this case, unless impeached for fraud or mistake, was valid, and discharged the whole debt, though given for a payment that was in itself but a part of the entire debt.

And while the receipt, if obtained of the plaintiff by fraud, would be of no validity against him, yet where it was given, as the jury must have found it to have been, as a part of a scheme for enabling the defendant to defraud his other creditors, it is equally well settled law that the plaintiff can not avail himself of that very fraud to set the receipt aside. No principle is better settled than that a man can never set up his own fraud for his own benefit.

The judge told the jury that if the plaintiff had this fraudulent intent in giving the receipt, yet if the defendant had no such fraudulent purpose and it was wholly a false representation to the plaintiff and a fraud upon him, the receipt was invalidated by the defendant's fraud, and the plaintiff could recover. This part of the charge being in the plaintiff's favor, of course he does not complain of it and we need not consider it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.