Bowe *et al. vs.* Dotterer, trustee, *et al.*

A contract for the purchase of land provided that the purchaser, and certain persons as securities for her, should make certain payments as therein specified, and concluded as follows: "Provided always, and such is the understanding of the parties and the condition of this agreement, that if the said parties of the second part shall fail to make said payments as above stipulated, or shall fail to pay the interest agreed to be paid by them quarterly, as the same may accrue, the said parties of the first part may forbear and give further time at their option, or give thirty days notice in writing to the said parties of the second part to pay all arrearages; and at the expiration of the said thirty days, and on failure to pay the same as required, may annul this agreement and demand and recover possession of the said land and premises by peaceable entry, or by summary process as in cases of landlord and tenant on non-payment of rent, or where the tenant is holding over and refusing to deliver possession; and all payments previously made under this agreement by said parties of the second part, amounting in the aggregate to four hundred dollars or less, exclusive of interest, shall be forfeited":

*Held,* that there was no ambiguity in this contract. If the purchaser and her sureties failed to make the payments provided for, it was at the option of the other party to enter, and they would then forfeit all payments previously made, provided they amounted in the aggregate to $400 or less. If they exceeded that amount, then $400 should be forfeited. Parol testimony as to the object of inserting the words, "amounting in the aggregate to $400 or less, exclusive of interest," and that it was agreed that the liability

of one of the signers to the paper should be limited to that amount, was properly rejected.

October 8, 1887.

Contracts. Evidence. Before Judge Van Epps. City court of Atlanta. June term, 1887.

Reported in the decision.

WEIL & BRANDT, for plaintiff in error.

HARRISON & PEEPLES and F. H. MILLER, *contra.*

BLANDFORD, Justice.

Dotterer brought his action against Mrs. Bowe and several other persons, upon a written agreement, seeking to recover a sum of money which he alleged was due for certain land which he had sold to Mrs. Bowe, these other parties being security for her in the payment of the money. A verdict was had for the plaintiff, and the plaintiffs in error moved for a new trial, which was refused; and this refusal to grant a new trial is excepted to, and the case is brought here for our consideration.

The only ground in the motion for new trial, except the general grounds, is this: "Because the court refused to allow Wm. F. Bowe to testify that the following interlineation in the written agreement, to-wit, ' amounting in the aggregate to four hundred dollars or less, exclusive of interest,' was put in there at his request, and for the purpose of limiting his liability on said agreement to that sum, and that it was the distinct agreement that under no circumstances was he to incur a greater liability than the said sum of four hundred dollars."

The question whether this testimony ought to have been allowed or not, depends upon the agreement itself. This is an action upon the agreement, and there is no defence set up here that the agreement does not speak the real intention of the parties, and no attempt to reform the agree-

ment, to put in something that was left out by mistake.

Let us look at this agreement and see if there is any ambiguity in it. The question arises upon this clause of the agreement:

"And in consideration of the premises, the said parties of the second part do jointly and severally promise, covenant and agree to pay to the said Thomas D. Dotterer, trustee, or his successors, two hundred dollars on the 1st day of January, 1881, other two hundred dollars on the 1st day of April, 1881, and twenty-five hundred dollars in one payment, or by instalments, at their option, within five years from the 1st of January next; and in the meantime, to keep the buildings on said premises in good tenantable order and repair, and well and sufficiently insured for the security of the said parties of the first part, to whom the insurance shall be made payable in case of loss; and also to pay all taxes, State, county and municipal, on said property, and render to the said trustee or his successors, quarterly interest at seven per cent. per annum, upon so much of the said purchase money as may at any time within the said five years remain unpaid; said interest to be computed from the first day of January, 1881, next. Provided always, and such is the understanding of the parties and the condition of this agreement, that if the said parties of the second part shall fail to make said payments as above stipulated, or shall fail to pay the interest agreed to be paid by them quarterly, as the same may accrue, the said parties of the first part may forbear and give further time at their option, or give thirty days' notice in writing to the said parties of the second part to pay all arrearages; and at the expiration of the said thirty days, and on failure to pay the same as required, may annul this agreement, and demand and recover possession of the said land and premises by peaceable entry, or by summary process as in cases of landlord and tenant on non-payment of rent, or where the tenant is holding over and refusing to deliver posession; and all payments previously made under this agreement by said parties of the second part, amounting in the aggregate to four hundred dollars or less, exclusive of interest, shall be forfeited";

the words "the said parties of the second part," and "entry," being interlined before signing; also the words, "amounting in the agregate to four hundred dollars or less, exclusive of interest."

We fail to find any ambiguity in this agreement. It speaks for itself. If the plaintiffs in error refused or failed to pay the interest, it was at the option of the other side to enter, and the plaintiffs in error would then for-

feit all payments previously made up to four hundred dollars or less. If they had paid less than four hundred dollars, it should be forfeited; and if more than four hundred dollars, four hundred dollars should be forfeited. That is the meaning of this agreement; it is clear, unambiguous and unequivocal. So we think the court did right to exclude this testimony which was offered. To have allowed that testimony to come in would have been to add a different condition to what this contract bears upon its face. It is a well-known rule of law, fundamental and universal, and is in the code, that parol evidence is not admissible to add to contradict or vary a writing.

We think the court did right to refuse a new trial in this case; and the judgment of the court below is therefore affirmed.