ANNA RAMBOUSEK v. THE SUPREME COUNCIL OF THE MYSTIC TOILERS, Appellant.

Suit on Beneficiary Certificate: ADMISSION AND EXCLUSION OF EVIDENCE: ERROR. In a suit on a beneficiary certificate, it is error to admit in evidence an unsigned affidavit of the subordinate lodge officers as proof of death, containing a statement of the standing in the order of deceased which is claimed by the lodge officers to be untrue, and which has attached the affidavit of plaintiff that all assessments due on the certificate have been paid, where such payment is in dispute. It is also error to admit receipts for payment of assessments on the certificate of plaintiff's own membership in the order.

Same: INSUFFICIENCY OF EVIDENCE. Evidence examined and held insufficient to support a verdict for plaintiff.

Same: DEATH LOSS PAYABLE FROM ASSESSMENTS. Where the uncontradicted evidence shows that the only fund from which a death claim under a beneficiary certificate can be paid is from assessments on the members of the order, and there is no showing that an assessment has been made or that there is a fund available for the payment of the loss, the plaintiff is not entitled to a judgment.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

WEDNESDAY, JANUARY 28, 1903.

ACTION at law to recover $2,000 as the beneficiary of Joseph Rambousek. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Sager & Sweet* for appellant.

*E. E. Collins* and *Jamison, & Smyth* for appellee.

SHERWIN, J.—The plaintiff sues to recover on two certificates of membership issued by the defendant to her deceased husband, Joseph Rambousek. The constitution of the defendant required the beneficiary, in making proof of death, to show by the affidavits of the president and secretary of the subordinate council the record therein of the deceased member. The plaintiff prepared and presented to these officers for their signatures an affidavit which they claimed was false, and which was in fact a false statement of the record standing of her husband at the time of his death, and they refused to sign it. It was admitted in evidence against the objection of the defendant, and, in our judgment, this was prejudicial error. It was, perhaps, competent for the plaintiff to show that she attempted to comply with the requirements of the association in this respect, but the paper which she had prepared, and which she was allowed to put before the jury, contained a statement that the assessment which the defendant claims was not paid was in fact paid, and that the record of the subordinate council so showed. In addition to this, there was her own affidavit attached thereto, which, in effect, stated that her husband had paid all assessments due at the time of his death, and that she held receipts therefor, all of which was incompetent.

*1. ADMISSION and exclusion of evidence: error.*

The plaintiff was also permitted to put in evidence receipts showing the payments of assessments against her on certificates of her own membership in the order. This was error. They were immaterial and incompetent, under any aspect of the case, when they were received, and, even adopting the theory of the appellee that some of them might have been material in rebuttal as tending to explain disputed receipts claimed to have been given to her husband, they were not all so competent, and the Exhibit G, as a whole, should not have been received. The affidavit of J. F. Taake as to the publication and

mailing of the Mystic Toilers should have been received, though its exclusion would not alone, under the circumstances, justify a reversal; and the same is true regarding the offer to prove the report of the officers of the subordinate council.

It is contended that the verdict is not supported by the evidence, and this, we think, is true. The law of the order provided for assessments to meet death claims, the only calls for which were to be made through the medium of a paper published and mailed to each member of the order; and, if such assessments were not paid according to the requirements, the beneficiary certificates became void. It is claimed, and, we think, proven beyond controversy, that the call for assessment No. 4 was duly published and mailed to the deceased, and that he failed to pay such assessment. The record of the subordinate council of which the deceased and the plaintiff were members shows that this assessment was not paid, and it is so shown by the officers of such council, and the only testimony tending to contradict this is the statement of the son of the plaintiff that the secretary said to him, after his father's death, that the father was in good standing, and this is denied. But, even if it is true that he so stated, it would tend to contradict this particular witness only, and there is other evidence, uncontradicted and unimpeached, which shows that no payment of the assesssment had been made.

*2. EVIDENCE: insufficient to support verdict.*

It is true there was put in evidence over the defendant's objection two receipts, Exhibits H and K, which are before us, which it is claimed were given for the assessment in question. They both, however, clearly show erasures and alterations in the name of the party to whom they were given, and there is not a word of testimony tending in any way to explain the alterations, except that of the secretary of the council, who said that they were receipts given to the plaintiff for her individual assess-

ments at another time.    Under such circumstances the
receipts were inadmissible as evidence of the payment
claimed, and should not have been received for the consid-
eration of the jury, and cannot now be considered by us
as tending to show such payment.    The burden was upon
the plaintiff to explain the alterations, and this she wholly
failed to do.    *Robinson v. Reed*, 46 Iowa, 219; *Maguire v.
Eichmeier*, 109 Iowa, 301; 1 Greenleaf, Evidence, section
564; Stephens, Digest Evidence, 158, note 1.

As we have before stated, the defendant is an assess-
ment company, and by the terms of the certificates sued
on the plaintiff would only be entitled to receive the pro-
ceeds derived therefrom.    The uncontradicted
evidence shows that the defendant·had no
other means of paying these certificates, and
it is not shown that any such assessment had been made,
or that any definite sum could be derived therefrom.
*Bailey v. Association*, 71 Iowa, 689; *Rainsbarger v. As-
sociation*, 72 Iowa, 191.    The constitution of the defend-
ant provides for an equalizing fund, which may be drawn
upon for the payment of death losses, when the ''death
rate shall exceed seven deaths per one thousand members
per year, and not less than seven assessments have been
made for that year''; and the plaintiff argues that she is
entitled to a judgment at law thereunder, and under the
authority of *Hart v. Association*, 105 Iowa, 717.   But the
trouble with this contention is that the evidence affirma-
tively shows that the fund in question could not be used
for the payment of this loss, because the conditions allow-·
ing its use therefor did not exist.    The plaintiff was not,
therefore, entitled to a judgment at law for the amount
claimed, and, if entitled to a judgment at all, it could
only have been for a nominal sum.

We do not discuss the other assignments of error,
because of their insufficiency.

.For the errors pointed out, the judgment is REVERSED.

3. SAME: death
loss payable
from assess-
ments.