[No. 9808.   Department Two.   December 22, 1911.]

ELLEN TITUS, *Respondent*, v. F. L. TITUS, *Appellant*.[1]

EVIDENCE—PAROL—TO EXPLAIN WRITING—ADMISSIBILITY. Parol evidence is admissible to explain the intent and purpose of the parties in making interlineations and material alterations in a written contract prior to its execution, even though it contradicts the written contract.

HUSBAND AND WIFE—SEPARATION AGREEMENT—CONSTRUCTION. A separation agreement, whereby the husband agreed to pay the wife $3,000 in monthly installments for the support, maintenance and education of their two children upon condition that the children be kept in school and continue their education during said period, and in the event of their failing to continue their attendance at school, the payments to cease, should be construed to require attendance at school only until their education, as contemplated by the parties at the time, is completed; and where they graduated from college before the end of the period, the wife is entitled to recover the whole sum, without further attendance in school by the children.

Appeal from a judgment of the superior court for Whitman county, Neill, J., entered January 14, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

*John M. Gleeson* and *Joseph F. Morton*, for respondent.

MORRIS, J.—On June 21, 1904, the parties hereto were husband and wife.   Differences having arisen between them on account of which they sought to sever all conjugal relations, they entered into a contract in settlement of all their property rights.   They had two children, Stanley H., then twenty years of age, and Marguerite E., then eighteen years of age, who were then attending school at Washington, D. C. These children were to be left in the custody of the mother, and it was desired to provide for their education and main-

[1] Reported in 119 Pac. 813.

tenance. For this purpose a stipulation was inserted in the contract as follows:

"It is further stipulated and agreed that said party of the first part shall pay to said party of the second part the sum of $75 on the 1st day of August, 1904, and on the first day of each succeeding month thereafter for a period of three years and four months to be used for the support, maintenance and education of Stanley H. Titus and Marguerite E. Titus, said sum to be paid upon the condition that said children be kept in school and continue their education during said period, and in the event of either of said children failing to continue their attendance at school said payment shall become, after such discontinuance, $37.50 per month, and in the event that both of said children should discontinue their attendance at school said payment shall cease."

As originally prepared, the contract provided these payments should commence on the 1st day of October, 1904, and continue for three years. Respondent objected to signing the contract as thus reading, contending that the agreement between herself and appellant was that she should receive $3,000, while the contract as prepared only provided for a payment of $2,700. Appellant, on being interrogated by his attorney as to this understanding, replied, "Give it to her;" and accordingly, to save drawing up a new contract, it was thought sufficient to effect the change by crossing out the word "October" and inserting the word "August," and interlining after the words "three years," the words "and four months;" as a payment of $75 per month for three years and four months would aggregate the sum of $3,000. The children continued in school until their graduation in June, 1907. Appellant continued his payments of $75 per month until he had paid $2,700, when he ceased. Respondent subsequently brought this action to recover the balance of $300, and having so recovered, appellant brings the judgment here for review.

The defense was that the contract only provided for the monthly payments while the children were attending school,

and that, having finished their attendance, appellant was thereby absolved from making further payments; respondent's contention being that the contract called for a payment of $3,000, provided the children remained in school until their education was completed.   The main contention of error is that evidence of the conversation as to the purpose and effect of the contract was inadmissible.   Ordinarily such a contention would be well founded, as it is now too late to deny the rule that parol evidence is not admissible to vary, contradict, or explain the terms of a written contract.   Such rule, however, has its limitations and exceptions, as well established as the rule itself, and one of these exceptions is that parol evidence is admissible to explain interlineations and material alterations in a written contract when made prior to its execution.   *Lassing v. James,* 107 Cal. 348, 40 Pac. 534; *Crawford v. Brady,* 35 Ga. 184; *Bowe v. Dotterer,* 80 Ga. 50, 4 S. E. 253; *Johnson v. Pollock,* 58 Ill. 181; *Neil v. Case & Co.,* 25 Kan. 510, 37 Am. Rep. 259; *Bernstein v. Ricks,* 20 La. Ann. 409.   It was therefore not error to admit evidence of the purpose of the alteration of "October" to "August," and the interlineation and addition of the words "and four months."

It would avail appellant nothing if such rule were not applicable here, as the interpretation of the contract, when plain and unambiguous, being a question of law for the determination of the court, the same result would follow, as this contract, when carefully read, can have but one meaning.   Its evident purpose and consideration was the education of these two children.   For that purpose $3,000 was to be paid to respondent at the rate of $75 per month.   The only limitation upon this payment was the "children failing to continue their attendance at school," as it is expressed in one instance; in the other, the "children should discontinue their attendance at school."   These words of limitation must be read in the light of the evident purpose and consideration of the contract, to provide an education for the children

and to continue to so provide until that education was finished.  The limitation or proviso was evidently intended to take effect in case the mother should withdraw the children from school before their education as then planned should be finished.  The money was for the benefit of the children, to be spent in their education and maintenance while at school.  Should the mother fail in carrying out this consideration as then planned, she could not have this money to devote to her own use.  A child's education does not fail, neither does it discontinue, when that education is finished and completed so far as attendance at school is a part of that education.  When this boy and girl graduated from their respective colleges, their education was finished within the meaning of the contract, and the mother was entitled to the money the father agreed to pay for that purpose.  There had been neither failure nor discontinuance which he had sought to guard against in the contract.  It would be folly to assert that the meaning of the contract was that the mother was to continue the children at school until December 1 following their graduation in order to be entitled to the $3,000.  The father knew as well as did the mother that the school year would end not later than June, and that in June, 1907, the education of these children, provided they were kept in school and maintained their standing, would be fully completed; and he must be held to have contracted to pay the $3,000 with knowledge of such fact.  So that, whatever construction be placed upon the contract as to its ambiguity, the result is the same, and appellant has no just cause for complaint.

Judgment affirmed.

DUNBAR, C. J., CHADWICK, ELLIS, and CROW, JJ., concur.