EMMA E. JOHNSON *vs.* ALFRED C. COOKE (THE COOKE HARDWARE COMPANY).

First Judicial District, Hartford, May Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

An assignment of error should allege error on the part of the trial court, and should also point out the particular parts of the charge complained of.

If no objection is made to the form of an appeal, questions inartificially raised by it will be considered when error is apparent.

A demurrer is not a proper form of pleading for raising the question of jurisdiction.

When each of a number of counts is for the recovery of a claim of less than $1,000, even though the aggregate be in excess of that sum, all are properly joined in one action returnable to the Court of Common Pleas.

A receipt in full is pleadable in bar as a discharge of the entire debt, although given upon payment of only a part.

The material alteration, after delivery, of an instrument given to evidence a particular fact prevents it being adduced in proof of that fact.

That one has destroyed by his own improper act the legal effect of certain evidence does not prevent his proving the issue by other evidence.

It is the duty of the trial court to submit to the jury the questions of fact presented by the pleadings and the evidence, even though unaware that either of the parties desires the jury further instructed; a party is not required to request the court to charge that certain issues exist, or that they are important issues.

In an action for money loaned, the first defense set forth that the plaintiff had accepted a certain conveyance in satisfaction, and the second defense that the plaintiff had given a receipt in full. It appeared, however, that the defendant had altered the receipt by inserting the word "Mrs." before his own name, in order to affect another suit. *Held:*—

1. That the alteration was a material one, since it made the receipt read as a discharge of another person than the defendant who pleaded it.

2. That the receipt was void, but that other evidence might be used to establish what was intended to be proved by it.

3. That the court should have submitted to the jury the issues raised by the first defense, since the jury might have been led to understand that, the receipt being void, the agreements made in connection with it were also void.

Argued May 17th—decided July 26th, 1912.

ACTION to recover money loaned, and the value of an interest in real estate, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the plaintiff for $1,801.68, and appeal by the defendant. *Error and new trial ordered.*

*Bernard F. Gaffney,* for the appellant (defendant).

*Edward L. Steele,* for the appellee (plaintiff).

HALL, C. J. The complaint contains five counts, each of which describes a claim of more than $100 and less than $1,000, and each, therefore, a claim to recover a sum which is within the original jurisdiction of the

Court of Common Pleas. The total of the claims, and of the amounts of the verdicts upon the separate counts, and the amount of the judgment rendered, to wit, $1,801.68, exceeded the jurisdiction of said court.

The fifth count of the complaint, claiming $900, alleges that the plaintiff loaned the defendant $1,160; that the defendant, on or about January 1st, 1909, placed in the name of the plaintiff certain real estate, called the Rocky Hill property; that, upon the plaintiff's refusal to accept it in payment of said sum of $1,160, the defendant promised to sell it for the plaintiff during the year or to pay said sum; that the defendant failed to sell it, and the plaintiff was compelled to sell it for $750 in order to prevent it from being foreclosed for taxes. The defendant demurred to the complaint upon the ground that the action was not within the jurisdiction of the Court of Common Pleas. The court overruled the demurrer.

Paragraph nine of the answer, and paragraph one of a "special defense," allege that on January 4th, 1909, the Rocky Hill property was so conveyed to the plaintiff "in settlement of all claims and demands between the plaintiff and the defendant"; and paragraph two of the special defense alleges that, on said day, the plaintiff "made and delivered to the defendant a receipt for $1,080, in full of all demands up to January 1st, 1909." These averments were denied in the plaintiff's reply.

Upon the trial the defendant offered evidence to prove, that on January 4th, 1909, he and the plaintiff agreed that the sum due the plaintiff was $1,080, and that on the 5th of January the defendant deeded to the plaintiff, and that she accepted, the Rocky Hill property, in full satisfaction and settlement of said claim of the plaintiff; and the defendant also offered in evidence the following writing: "Jan. 4, 1909. Received of Mrs. Alfred C. Cooke one thousand and eighty

dollars in full of all demands to date, Jan. 4th, 1909. $1080. Emma M. Johnson." Apparently this writing was received in evidence without objection.

The defendant claimed to have proved that the Rocky Hill property was worth $1,080. The plaintiff claimed to have proved that it was worth but $750.

The plaintiff, upon the trial, denied that she agreed to accept, or that she accepted, said property, as alleged by the defendant, and denied that she ever signed or delivered said writing.

The defendant, upon the trial, testified that, after he received the writing, he altered it by inserting "Mrs." before the name Alfred C. Cooke, for the purpose of making it appear that the plaintiff had received said sum from the defendant's wife, and to affect the result of another suit against the defendant.

The court charged the jury, in substance, that even though they should find that said writing was signed by the plaintiff, yet if they found that the defendant had altered it, as above stated, after having received it, it thereby became void. The court in its charge made no reference to the issues raised by the averments of paragraph nine of the answer, and paragraph one of the special defense, and the plaintiff's denial of said averments, nor to the respective claims of the parties under such issues.

The trial court states in its finding that there were no written requests to charge, and that it was "wholly unaware that the defendant desired that the jury should be instructed upon any matters of law not stated in its charge."

None of the eight reasons of appeal are proper in form. None of them allege an error of the trial court. Each begins with the words "Whether or not the court erred" in its stated action. This, as we have before had occasion to state, is not a proper form for an assign-

ment of error. *Case* v. *Clark*, 83 Conn. 183, 195, 76 Atl. 518; General Statutes, § 798.

The first so-called assignment of error, which recites nearly a page of the charge of the court, to portions of which it was manifestly not intended to except, is open to the further objection that it fails to properly point out the part of the charge complained of. *State* v. *Tripp*, 84 Conn. 640, 643, 81 Atl. 247. But as no objection is made to the form of the appeal, and as we are of opinion that a new trial ought to be granted, we shall consider some of the questions thus inartificially stated in the appeal.

The demurrer to the complaint was properly overruled. A demurrer was not a proper form of pleading for raising the question of jurisdiction. But since each of the five counts was for the recovery of a claim of less than $1,000, they were all properly joined in one action returnable to the Court of Common Pleas. General Statutes, § 557; *Brennan* v. *Berlin Iron Bridge Co.*, 75 Conn. 393, 397, 53 Atl. 779.

The court properly charged the jury that the claimed receipt in full was void as such. Under our law a receipt in full is pleadable in bar as a discharge of the entire debt, although given upon payment of but a part of it. *Aborn* v. *Rathbone*, 54 Conn. 444, 446, 8 Atl. 677; *Tucker* v. *Baldwin*, 13 Conn. 136, 143. The alteration made it read as a discharge of another person than the defendant who pleaded it. It was therefore a material alteration and was manifestly made by the defendant after delivery, and apparently was made fraudulently. 1 Swift's Digest, s. p. 126; *Hayden* v. *Goodnow*, 39 Conn. 164, 169; *Mahaiwe Bank* v. *Douglass*, 31 Conn. 170, 181; *Bailey* v. *Taylor*, 11 Conn. 531, 540.

The material alteration, after delivery, of an instrument given to evidence a particular fact, prevents it from being adduced in proof of that fact, and this rule

applies to receipts. 3 Amer. & Eng. Ency. of Law & Practice, p. 378; *Rambousek* v. *Mystic Toilers,* 119 Iowa 263, 265, 93 N. W. 277; *Elgin* v. *Hall,* 82 Va. 680, 684.

The court erred in not submitting to the jury the questions raised by the said issue framed by the averments of paragraph nine of the defendant's answer, and paragraph one of his special defense, and the replies thereto. It appears by the finding that the defendant claimed to have proved that on the 4th of January, 1909, he agreed with the plaintiff that he owed her $1,080. He claimed by his answers and his evidence that he conveyed the Rocky Hill property to the plaintiff in full settlement and satisfaction of such agreed indebtedness. All of the plaintiff's loans to the defendant are alleged to have been made prior to that date. These issues so raised by the pleadings and evidence were therefore very important issues. The fact that the defendant had by his improper act destroyed the legal effect of his claimed receipt in full did not prevent him from proving, by other evidence, the claimed agreement as to the amount due on the 4th of January, and the claimed agreement that the Rocky Hill property was conveyed by him, and accepted by the plaintiff, in full satisfaction and settlement of such agreed sum. In the absence of any instruction upon the subject, the jury may have thought that, because the receipt was void, these agreements, made in connection with it, were also invalid.

Under § 753 of the General Statutes, the court should have submitted to the jury the questions of fact so raised by said pleadings and by the evidence which appears to have been offered regarding them, and the defendant was not required to request the court to charge the jury that these were issues in the case, or that they were important issues. The pleadings and

evidence sufficiently indicated these facts, and thus required the court to submit to the jury for their decision the conflicting questions thus expressly presented. There is error and a new trial is ordered.

In this opinion the other judges concurred.