## MARSHALL HILDRETH
*vs.*
## NEW HAVEN MOTOR SALES, INC.

Superior Court . New Haven County File No. 62547

MEMORANDUM FILED DECEMBER 28, 1945

*James F. Rosen,* of New Haven, for the Plaintiff.

*Stoddard, Persky & Eagan,* of New Haven, for the Defendant.

SHEA, J. The first ground of demurrer is based upon the claim that no facts are alleged in the amended complaint and more specific statement showing what the nature of the plaintiff's duties were during his employment by the defendant.

The amended complaint alleges that the defendant corporation was engaged in the business of a distributor of automobiles, parts, accessories, equipment and machinery, and that in the course and conduct of such business the defendant bought and sold products outside the State of Connecticut and did also repair, produce and rebuild automobiles and automobile parts,

machinery and motors for interstate commerce. The more specific statement filed by the plaintiff alleges that the plaintiff repaired and rebuilt automobiles, automobile parts, machinery and motors for interstate commerce in his classification as a mechanic and as an employee of the defendant.

The facts as alleged clearly show the nature of the plaintiff's duties during his employment by the defendant.

The second, third and fourth grounds for demurrrer are based upon claims which are practically identical in form. In effect they attack the amended complaint and the more specific statement because no facts are alleged which show that the plaintiff's duties under his employment related to the production of, handling, transporting, or working on, goods produced for interstate commerce.

The law is well settled that the application of the Fair Labor Standards Act of 1938 depends upon the character of the employee's activities rather than upon the nature of the business of the employer. *Kirschbaum Co. vs. Walling*, 316 U. S. 517, 524. And it is also true that the burden of proof is on the employee to establish by a preponderance of the evidence that his activities constitute an engagement in interstate commerce or interstate transportation. *Warren-Bradshaw Co. vs. Hall*, 317 U. S. 88, 90. However, where it can be established that a substantial part of the employee's activities is so intimately connected with or related to interstate commerce or the movement thereof that it can reasonably be said to be an essential part of the production or transportation of goods for such commerce, the employee is covered by the Act. *Kirschbaum Co. vs. Walling, supra,* p. 525.

Now a demurrer addressed to the substance of a complaint must fail if any facts which are provable under its allegations would support a cause of action. *Blakeslee vs. Water Commissioners,* 106 Conn. 642. Under the allegations of the amended complaint and the more specific statement, the plaintiff might be able to offer facts in support of these allegations, which would support this cause of action.

The additional claim that the statements contained in these pleadings are mere legal conclusions is not well founded. The nature of the business of the defendant corporation as alleged, as well as the averments pertaining to the duties of the plaintiff

as an employee of the defendant, are sufficient to support the conclusion that the plaintiff was engaged in business for interstate commerce.

In the last ground of demurrer the defendant attacks the pleadings because of the failure to allege facts showing jurisdiction in this court to entertain this action. A demurrer is not a proper form of pleading to raise the question of jurisdiction. *Johnson vs. Cooke,* 85 Conn. 679, 683.

The demurrer is overruled on all grounds.