## THE STATE OF CONNECTICUT *vs.* PERRY G. TRIPP.

First Judicial District, Hartford, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Assignments of error in the charge must be definite and specific, otherwise they will not be considered by this court on appeal. It is not enough to quote long passages and merely allege that they are erroneous.

The question whether the dogs which the defendant was charged with unlawfully killing, were pursuing, worrying or wounding sheep, is one of fact for the jury.

A certificate purporting to be a kennel license, which states the name of the kennel and the names of the persons who were in fact its owners and keepers, will not be held void merely because it was carelessly and inartificially drawn by the town clerk, who used the printed form provided for the license of a single dog and failed to alter it to suit the changed conditions.

A kennel license is not vitiated because part of the dogs which formed
the licensed kennel were kept at the house of each of the owners
in the same town.

The word "kennel" as used in the statute (Public Acts of 1909, Chap. 55,
§ 2) does not mean the house or place in which the dogs are kept,
but a pack or collection of dogs usually kept or bred for hunting or
for sale.

Although the owner of a dog or kennel may be subject to a penalty for
not having applied for a license on or before May 1st, his failure
to make such seasonable application will not vitiate the license
thereafter issued for the balance of the year upon the payment of
the full yearly fee.

Upon a prosecution under chapter 167, § 15, of the Public Acts of 1907,
for unlawfully killing "registered dogs," it is not incumbent upon
the State to prove, in addition to their due registration, that the
dogs, when killed, wore collars bearing the metal tags or plates
required by § 2, chapter 55, of the Public Acts of 1909, since the
placing of such a tag or plate upon the dog's collar is not a part of
the registration.

Argued October 3d—decided November 1st, 1911.

INFORMATION for unlawfully killing two duly-registered and licensed dogs, brought to the Superior Court in Tolland County and tried to the jury before *Greene, J.;* verdict and judgment of guilty, and appeal by the accused.  *No error.*

*Samuel A. Herman* and *John E. Fisk,* for the appellant (the accused).

*Charles Phelps,* State's Attorney, for the appellee (the State).

HALL, C. J.  The two counts of the information are based upon chapter 167 of the Public Acts of 1907 as amended by chapter 55 of the Public Acts of 1909.

Section 2 of the Act of 1909 provides that "any owner or keeper of a kennel may apply, on or before the first day of May, to the town clerk of the town in which such kennel is located, for a kennel license"; that "the town clerk shall issue to such applicant a kennel license

for one year from the first day of May, which license shall specify the name of the kennel, the name of the owner, and the keeper of the same"; that "every dog kept in such kennel so licensed shall, when at large, wear a collar bearing a metal tag or plate upon which shall appear the number of the kennel license, the name of the town issuing such license, and the year thereof, which plates or tags shall be furnished by the town clerk. . . ." Section 4 of the Act of 1909 provides that the dog warden shall take into his custody any dog found at large without the required tag or plate on its collar, and that after certain notice shall have been given of the capture of the dog, unless within a fixed time it shall be redeemed by its owner by payment of a sum, in no case exceeding $3, it shall be killed by such warden. Section 13 of the Act of 1907 provides that "any person may kill any dog which he finds pursuing, worrying or wounding any sheep, lambs, or other domestic animals. . . ." Section 15 of the Act of 1907, the provisions of which are made applicable to dogs belonging to a licensed kennel, provides that "every person who shall steal, or confine and secrete, any registered dog, . . . or who shall unlawfully kill or injure any such dog, shall be liable to the owner in a civil action, and shall be fined not more than two hundred dollars, or imprisoned not more than six months, or both."

The information in this case alleges that the dogs in question when killed, were duly licensed under a kennel license, and wore collars with metal tags attached, marked and numbered as required by law.

Upon the trial the accused claimed that he should be acquitted, first, because the dogs, which were fox hounds, were found pursuing, worrying, or wounding sheep; second, because it was not shown that the dogs were duly licensed; and third, because it did not ap-

The State *v.* Tripp.

pear that at the time the dogs were killed their collars bore metal tags or plates upon which appeared the number of the kennel license, the name of the town issuing the license, and the year thereof, or that the collars upon the dogs bore any tag or plate.

Whether the dogs were found pursuing, worrying, or wounding sheep, was a question of fact which the jury must have decided against the claim of the defendant.

The defendant's exception "g," quoting a page of the charge of the trial judge upon this question, and to a large part of which it was clearly not intended to except, fails to properly designate the portions of the charge complained of, and will therefore not be considered.

The finding shows that as bearing upon the second of said claims there was evidence: that a certificate of license was issued to Field and Cooley on the 2d of May, which was Monday; that in making out the certificate the town clerk used a printed form designed for a dog license; that F. & C. was the name of the kennel for which a license was applied for, and of which Field and Cooley were the owners and keepers; and that Field paid to the town clerk $50 for the license, and $2.50 for twenty-five tags. The following is the form of certificate as filled out and delivered to Field by the town clerk:—

"DOG LICENSE:
                    Kennel License—Name F. & C.
THIS CERTIFIES THAT Field and Cooley have registered in the office of the Town Clerk of the Town of Somers, State of Connecticut, a    male dog, owned or kept by h   , and described as follows:

Name............      Breed ..............
Color ............      Size................

Tag No. K. L. 22. Said dog is hereby licensed until the first day of May, 1911, in accordance with Acts passed by the General Assembly of the State of Connecticut.

The license fee of Fifty Dollars has been paid. Date, May 2, 1910.

    25 Tags, $2.50.

C. S. FULLER,<br>
*Town Clerk.*"

The following words and figures of the certificate were in writing: "Kennel License—Name F. & C.," on the first line, "Field and Cooley" on the second, "Somers" on the fourth, "No. K. L. 22" on the eighth, the last figures of the two dates, the word "Fifty" on the eleventh line, the date "May 2," the words "25 Tags, $2.50" and the signature. The remainder of the certificate was printed.

This certificate was certainly very carelessly and inartificially drawn. If it was found necessary to use the blank form adapted to a dog license, the words peculiarly applicable to such a license should have been erased, and it should also have been more clearly stated that Field and Cooley were the owners and keepers of the kennel. Notwithstanding these defects in the certificate,—and they have in no way misled the accused, and are attributable to the town clerk who prepared it rather than to the owners of the kennel, who were only required to apply for a kennel license and pay the $50 fee therefor, which they did,—we think the license should not be held to be void. The certificate shows on its face that it was intended to be a certificate of a kennel license. It states the name of the kennel and the names of persons who were in fact the owners and keepers of the F. & C. kennel, although not expressly so described in the certificate. That they

were the owners and keepers was also indicated by the name of the kennel stated in the certificate. The trial court committed no error in admitting the certificate in evidence against the defendant's objection.

The fact that a part of the pack of fox hounds which formed the licensed kennel, were kept at the house of each of the owners in the same town, did not vitiate the license. The word "kennel" as used in the statute does not mean the house or place in which the dogs are kept, but a pack or collection of dogs usually kept or bred for hunting, or for sale.

That the license was issued on the second of May, did not render it invalid, even if it was not applied for until that day. Although the owner of a dog or kennel may be subjected to a penalty for not having applied for a license on or before May 1st of each year, his failure to do so would not render it illegal for the town clerk to afterward issue a license, as was done in this case, for the year following the first of May, upon payment of the full license fee for that year.

The accused requested the court in substance to charge the jury that in order to convict the State must prove not only that the dogs when killed were duly licensed, but also that they wore collars bearing the metal tags or plates required by statute. The court did not so charge, but in substance instructed the jury that while the State must prove that the dogs were duly licensed, it was not required to further prove that the dogs were duly tagged, and that if the dogs were duly licensed, and were at large without tags, the fact that they were without tags would not justify the accused in killing them.

This instruction was correct. The offense described in § 15 is the unlawful killing of a registered dog, not of a dog registered and tagged. The placing of a tag or plate upon the dog's collar is not a part of the regis-

tering. A dog, though not at large, is required to be registered. The tag or plate is only required to be worn when the dog is at large. Even the dog warden is not authorized to immediately kill a dog, merely because he finds it at large without the required tags or plates upon its collar. He may take it into his custody, but he cannot kill it, if the owner appears in due season and pays the sum required to redeem it. The accused did not claim to have shot the dogs because they were not properly tagged, but because they were pursuing and worrying his sheep, and whether they were or not was the decisive question of the case.

There is no error.

In this opinion the other judges concurred.