## ALICE KOLINSKI *vs.* FRITZ KLEIN.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

The owner of a registered dog who seasonably applies for a renewal license, pays the required fee, and obtains the registration card or certificate, and a tag which is attached to and worn upon the dog's collar, is not responsible for an error of the town clerk in registering the dog in the name of some one else; nor can one who wilfully shoots and kills such dog while upon its owner's premises and so registered, unless such killing is done in the protection of life, limb or property, escape liability for damages therefor, upon the ground that the animal was not lawfully registered.

The question whether a dog is lawfully registered or not is purely one of law, where all the facts from which such deduction or conclusion is to be drawn are undisputed.

Argued October 26th—decided December 13th, 1923.

ACTION to recover damages for wantonly and unlawfully shooting and killing a registered dog owned by the plaintiff, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $150, and appeal by the defendant. *No error.*

*George E. Beers* and *Charles F. Roberts,* for the appellant (defendant).

*John J. Sullivan,* for the appellee (plaintiff).

KELLOGG, J. This is an action claiming damages for the unlawful killing of a registered dog, brought under the provisions of § 3408 of the General Statutes reading in part as follows: "Every person who shall steal or confine and secrete, any registered dog or any dog under the age of six months, . . . or who shall unlawfully kill or injure any such dog, shall be liable to the owner in a civil action."

In this action the killing of the dog is admitted, and the main question in controversy is whether or not this dog was legally registered at the time of the killing. Also there is no dispute as to any of the facts involved concerning the alleged registration, the final question of registration being one purely of law to be determined upon conceded facts.

In 1920 the dog had been registered in the town clerk's office of the then town of Orange, as owned and kept by one Nettie Kolinski, who was a minor daughter of the plaintiff and at all times resided with her. On April 28th, 1921, the plaintiff went to the town clerk of the town of Orange and told him she wanted to register the "Kolinski dog" and stated in response to an inquiry by the town clerk that it was the same dog she had last year. The plaintiff could speak very little English and could neither read nor write. The town clerk, in accordance with the custom in such cases when the dog had been previously registered, turned to the prior registration for a description of this dog, but by inadvertence turned to the registration of a dog under the name of one John Klecowski, who lived on the same street and had a dog also named Prince, the name of the plaintiff's dog. He thereupon copied this description of this dog and registered the plaintiff's dog in the name of John Klecowski, and gave the plaintiff a certificate of such registration and a metal tag bearing the number of the certificate of registration. The plaintiff thereupon paid him the required registration fee of $1.25, and took the certificate to her home and placed this tag on the collar of her dog. In the following month the town clerk discovered his error, placed the number on the plaintiff's certificate upon the index card of her daughter, but did not issue a new certificate of registration.

So far as the registration of the dog was concerned,

it is quite apparent from this statement that with the exception of the making out of the certificate of registration, the plaintiff had done all that could be required of the owner of any dog, and it is found, without any request for correction, in paragraph ten of the finding, that "said dog belonged to plaintiff." She had gone to the office of the town clerk, within the time required by statute for registration without penalty, had stated that she desired to register the Kolinski dog, and had stated that it was the same dog she had the last year, and then paid the license fee in full. The making out of the certificate of registration was then the duty of the town clerk, and it would be manifestly unjust to hold the plaintiff responsible for any inaccuracies or incorrect statements in the certificate itself, she herself having given to the town clerk all the information required by him and having paid the fee in full. The case of *State* v. *Tripp*, 84 Conn. 640, 81 Atl. 247, seems very applicable to the instant case. In that case it was held that "a certificate purporting to be a kennel license, which states the nature of the kennel and the names of the persons who were in fact its owners and keepers, will not be held void merely because it was carelessly and inartificially drawn by the town clerk, who used the printed form provided for the license of a single dog and failed to alter it to suit the changed conditions." Also, on page 644 of the report of this case, is the following: "Notwithstanding these defects in the certificate,—and they have in no way misled the accused, and are attributable to the town clerk who prepared it rather than the owners of the kennel, who were only required to apply for a kennel license and to pay the $50 fee therefor, which they did,—we think the license should not be held to be void." Paraphrasing this language to meet the case in question, we could say: "These defects in this certificate are attributable

to the town clerk who prepared it rather than to the owner of the dog, who was only required to apply for a license for the dog and pay the $1.25 fee therefor, which she did.''

As to the unlawfulness of the killing of this dog the finding is conclusive, for it is found that the dog when shot had stopped on the land of the plaintiff about twenty or twenty-five feet from the boundary fence and was barking at the defendant, and that the defendant, standing upon his own land about forty feet from the division fence and about sixty or sixty-five feet from the dog, shot through the wire fence, hitting the dog and wounding it, from the effects of which wound the dog died soon thereafter. It is clear that the killing was neither in the protection of life, limb, or property, and therefore unjustifiable and unlawful.

There is no error.

In this opinion the other judges concurred.