THE THERON FORD COMPANY *vs.* EDWARD H. DUDLEY
ET ALS.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND MARVIN, JS.

An assignment of error which recites so many statements from the instructions to the jury, that it is impossible for this court to know with certainty in what respect the charge is questioned, violates the rule that the special errors complained of shall be distinctly stated.

The present action was brought by an undertaker to recover funeral and burial expenses from the husband and daughter of the deceased. By way of special defense, the husband alleged that during the preparation for the funeral the daughter had promised him that she would pay the plaintiff's bill. *Held* that the trial court properly sustained a demurrer to this defense and later excluded evidence of this promise as immaterial, since the plaintiff's rights could not be affected by the existence of agreements or undertakings between the defendants.

The action, as against the defendant husband, was tried upon the first and third counts of the complaint, the first alleging that the plaintiff furnished its services and supplies at the request of the husband and upon his implied promise to pay for them, and the third being based upon the liability of a husband for the funeral expenses of his wife created by § 5043 of the General Statutes. The jury returned a general verdict for the plaintiff. *Held* that, under the evidence, the jury could have reasonably reached their verdict upon the first count but not upon the third count, since the plaintiff had offered no proof of an essential element of liability under the statute, viz., the insufficiency of the wife's estate to pay the funeral expenses.

Upon the trial of a case a party cannot avail himself of an admission contained in a pleading filed by his opponent, to which a demurrer has been sustained, unless he offers the paper in evidence.

Ford Co. *v.* Dudley.

Where there are two or more causes of action set forth in the complaint, or one cause of action set forth alternatively in two or more counts, and the rights of the parties will not be otherwise fully protected, it is the duty of the trial court, upon proper request, to direct the jury to bring in a separate verdict upon each count; and this is especially true where other rights and obligations in matters extraneous to the case at bar may depend upon the real nature and extent of the verdict.

The trial court denied the defendant husband's request for separate verdicts upon the first and third counts. *Held* that the trial court erred, since the outcome of a subsequent attempt by him to claim indemnity from the assets of his wife's estate, if any existed, might depend upon whether the judgment against him in the present action was based upon contract or upon the statute.

Ordinarily where one requests another to furnish services or supplies in the regular course of business, that fact of itself offers a basis for an inference that the person making the request expected, and was expected by the other, to pay their reasonable value; but where the request is made by a husband of an undertaker, as in the present case, the fact that the assets of the wife's estate are made by statute primarily liable for the expense, is an important factor to be considered in determining whether such a mutual expectation existed, and the jury should be so instructed.

Argued April 22d—decided May 29th, 1926.

ACTION to recover compensation for services and expenses, alleged to have been rendered and incurred by the plaintiff in conducting the funeral and burial of the wife of the defendant Edward H. Dudley, brought to the Superior Court in New Haven County and tried to the jury before *Nickerson, J.;* verdict and judgment for the plaintiff to recover $619 from the defendant Edward H. Dudley, from which he appealed. *Error and new trial ordered.*

*Frederick M. Peasley,* with whom, on the brief, was *Clayton L. Klein,* for the appellant (defendant Edward H. Dudley).

*Louis Harris,* for the appellee (plaintiff).

HAINES, J. This case was first brought on two counts, and a third was later added, each purporting to set up this single cause of action in a different way. Before the case went to the jury a bill of particulars was filed by order of court. No direction was given to the jury as to these different counts, and the case went to them on the general question whether the plaintiff had proved its claim as specifically itemized in the bill of particulars.

The daughter of the deceased, Minnie Davis Hull, was, on motion, made a party defendant, as was D. F. Bowes, the administrator of the estate of the decedent. The latter successfully demurred to the complaint and appears to have been thereafter treated as out of the case. The defendant daughter made a general denial, and the court, in its charge to the jury, directed them to return a verdict in her favor, which was done. The jury found the issues for the plaintiff and against the defendant Dudley, who appeals. The pleadings are in some respects confused and unsatisfactory, but it appears that the defendant Dudley at one point under a "Special Defense" alleged, in substance, that shortly before her death, the deceased had transferred all her property, both real and personal, to the daughter, without consideration, and that when the mother died, the daughter told the defendant Dudley that she would take charge of the funeral and pay the bills therefor. This was properly and successfully demurred to by the plaintiff. At most it was a promise by the daughter to the defendant Dudley and could not affect the rights of the plaintiff. The defendant Dudley thereafter rested his case on the general issue.

The record shows that the plaintiff's claim to recover went to the jury on two grounds, viz.: (1) that the plaintiff had furnished the various items of services, supplies and expenses named in the bill of particulars,

upon the express request of the defendant Dudley, and that they had not been paid for; and (2) that the deceased left no estate and the husband was therefore liable under the statute for these items which had been furnished by the plaintiff and for which it had not received payment. The only evidence in the case was that offered by the plaintiff, none being offered on the defense.

After the court denied the defendant's motion to set aside the verdict, the latter filed a "Request for and Proposed Draft-finding" containing the claims of law which he desired to have reviewed, and a "Proposed Draft-finding" in which he requested the court to find that the plaintiff had offered no evidence of an agreement as to prices or the reasonableness of the charges or of a request to the plaintiff for the services and expenses, or that the prices of the supplies appeared in the catalogue shown to the defendants, or that the estate of the deceased was not sufficient to pay the funeral expenses. The request also set forth certain occurrences at the trial in which the court had excluded testimony of Minnie Davis Hull, to which exclusion the defendant Dudley had excepted, and lastly, a purported statement of what had occurred between court and counsel when the second count was, as now claimed by the defendant Dudley, stricken out by the court.

After the court filed a finding, the defendant Dudley moved to correct in various particulars, and recited the annexation of certain portions of the evidence and other matters as exhibits from A to G inclusive. These exhibits and the transcripts are now printed in the record, but are not certified as correct, and this is explained by the statement of the court that the defendant Dudley did not file the transcripts with the motion, and failed to do so even after the court had requested that it be done, and therefore the court refused to

certify them as they now appear in the record. These matters are the subject, for the most part, of the first four of the reasons of appeal.

Reasons of appeal numbered six to thirteen inclusive, are mere general allegations that the court erred in charging as set forth in certain detached portions of the charge as quoted. These are not proper assignments of error. They do not conform to our statute, which requires that the appellant shall "state the special errors complained of distinctly." There are numerous allegations by the court under each of the quoted passages, and it is impossible under the circumstances for the appellate court to be certain what it is that the appellant claims is erroneous. Some of the statements are obviously not subject to question or intended to be questioned by the appellant. General Statutes, § 5833; Practice Book, pp. 100, 107; *State* v. *Tripp,* 84 Conn. 640, 643, 81 Atl. 247; *Johnson* v. *Cooke,* 85 Conn. 679, 683, 84 Atl. 97; *Ferrigino* v. *Keasbey,* 93 Conn. 445, 449, 106 Atl. 445.

As to the fourteenth reason of appeal, which relates to the exclusion of the testimony of Minnie Davis Hull, the ruling of the court was correct. As we have already intimated, it was quite immaterial, so far as the plaintiff was concerned, what promises, if any, were made or understandings reached between the defendants themselves.

The fifth reason of appeal relates to the defendant Dudley's request for a separate verdict on each count, with which request the court did not comply. As the case went to the jury, the liability of the defendant Dudley was predicated, first, upon his request that the plaintiff furnish the professional services and incur the expenses of the funeral, and second, upon the provisions of the statute (General Statutes, § 5043), which makes the husband liable for the funeral ex-

penses of the wife if the estate of the wife is not suffi-
cient to pay therefor.

Upon the defendant Dudley's claim of error in refus-
ing to set aside the verdict, we have before us for
examination the transcript of the entire evidence, and
this we may examine to determine whether the verdict
was against the law of the case, as claimed by the ap-
pellant. From this examination it appears that the
jury could reasonably have found that the defendant
Dudley did, in legal contemplation, order the ma-
terials, services and expenses with which the plaintiff
now seeks to charge him, under an implied promise to
pay the plaintiff therefor. They could also reasonably
have found that the main item of the bill, viz., the
casket at $300, was selected by the defendant Dudley
and pronounced satisfactory by him, and that the re-
maining items of the bill were either assented to by
him or were expenses expressly incurred by him in
person, the bills being sent to the plaintiff as the
undertaker in charge, and paid by the latter, and that
the total bill was presented to the defendant Dudley
on more than one occasion and its correctness never
disputed by him to the time of trial, and though the
plaintiff testified upon the trial that it was correct, the
defendant Dudley did not testify to the contrary. We
think the jury would have been justified in finding
that the bill was correct and the items of the fair
value stated therein, and that the bill had not been
paid. This satisfied the allegations of the first count.
The jury could likewise reasonably have found from
the evidence that the decedent was the wife of the
defendant Dudley and that he was therefore responsi-
ble, under the statute, for the services and expenses of
her funeral, provided it was further shown that she
died without leaving sufficient in her estate to pay
them. The record shows that the necessity for prov-

ing this latter point was specifically called to the attention of counsel for the plaintiff by the court during the trial. It was claimed by counsel for the plaintiff that the special defense referred to, and to which a demurrer was successfully filed, contained an admission by the defendant Dudley that the deceased had died leaving nothing in her estate. The plaintiff's counsel relied upon the doctrine that such admissions by pleading can be shown to dispense with other proof, but he took no further steps to present the matter to the jury, although given an opportunity to do so by the court. This paper could have been offered and placed before the jury as proof of the fact claimed by the plaintiff. Whatever may have been the effect of the demurrer, it does not appear that this pleading ever went to the jury, or that it was ever known to the jury that the defendant had made the statement therein. The paper should have been offered in evidence. 22 Corpus Juris, p. 333.

It results that upon the record of evidence before them the jury would not have been justified in rendering a verdict for the plaintiff on the third count, which relied upon the statute, for the reason that they had no evidence that the decedent's estate was without sufficient assets.

The defendant Dudley requested the court to charge the jury to bring in a verdict on each count. The court did not do so and a general verdict was given against the defendant Dudley. As we have seen, the jury could reasonably have found from the evidence facts sufficient to justify the verdict on the first count, but not on the third count.

By our practice the court is required to give this direction to the jury upon request, where the legal rights of the defendant would not otherwise be fully protected. "When separate and distinct matters of

Ford Co. *v.* Dudley.

substantially different character and nature are litigated and to be determined by separate issues, it is the right of the parties to have the verdict follow and answer the issues; especially so when other rights and obligations may depend upon the verdict." *Johnson* v. *Higgins,* 53 Conn. 236, 240, 1 Atl. 616. The general rule in this State was stated by JUDGE LOOMIS in *Morris* v. *Bridgeport Hydraulic Co.,* 47 Conn. 279, 291, as follows: "When there are several counts for distinct and independent causes of action, or where there is no evidence at all applicable to some of the counts, it would doubtless be the duty of the court to comply with such a request." And the court, in *Johnson* v. *Higgins,* adds (p. 241): "The rule above stated has always obtained in this State, and, since the enactment of our recent practice act, and the adoption of the method of pleading thereby provided, it is more important, and in consonance with the spirit of that Act, that this rule should be complied with in all cases where the rights of the parties demand it." See also *Goodale* v. *Rohan,* 76 Conn. 680, 682, 58 Atl. 4; *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872.

The rights of the party are not ordinarily affected where there is a general verdict on more than one count setting up a single right of action in the alternative, but obviously the determining question is the effect upon the rights of the party, and not simply whether the case turns on a single right of action alternatively stated. In the present case, the record discloses that there were two grounds upon which the defendant Dudley's liability was claimed, viz., an express personal contract made with the plaintiff, and a liability created by the statute and resting upon him by reason of the fact that he was the surviving husband of the decedent whose estate was not sufficient to pay the funeral expenses. It is disclosed also, that there is litigation

between the defendant Dudley and his codefendant, the daughter of the decedent, over ample assets which the decedent had had before the transfer to her daughter. If the result of this litigation was the recovery of the assets into the hands of her administrator, it might become of serious legal importance to the defendant Dudley whether the present judgment against him was based upon his personal contract with the plaintiff or whether it arose by operation of law under the statute, in which latter case he might seek to obtain reimbursement from the funds of the estate. "Other rights and obligations may depend upon the verdict." *Johnson* v. *Higgins, supra.*

We are thus led to adopt the ruling of the early case of *Newell* v. *Roberts,* 13 Conn. 63, 73, in which this court said: "We are not prepared to say that the verdict in this case . . . would not do entire justice to the parties in the cause; but in its consequences it may injuriously affect their rights, as the facts found may be made use of beyond the present suit. The parties had chosen to go to issue upon distinct pleas, alleging distinct facts, although mostly tending to one point. Under these circumstances, they had a right to an expression of opinion from the triers upon each of these distinct points."

The failure of the court to direct the jury as requested by the defendant Dudley in this regard, was a denial of his right under the circumstances of the case, and constitutes error from which he is entitled to relief. The defendant complains of certain portions of the charge which made the plaintiff's right of recovery turn upon the finding by the jury that the defendant did in fact request the plaintiff to furnish the articles and perform the services alleged in the bill of particulars. Ordinarily, where one requests another to furnish articles or perform services in the usual course of

the latter's business, a sufficient basis exists to render the former liable to the latter for their reasonable value. The basis of that liability is an inference that the person making the request expected to pay for them and the other acted in the expectation that he would do so. In the instant case, the statute makes the estate of a married woman primarily liable, if she leaves any. This statutory liability must be taken into account in determining the liability of the defendant Dudley in this case, and the trial court should have charged the jury that, to render him liable, they must be satisfied that, in view of all the circumstances of the case, including the provision of the statute, the plaintiff furnished the articles and performed the services in the expectation that the defendant Dudley would pay for them and that either he expected to pay for them or the plaintiff might reasonably assume that he did expect to do so.

The conclusion reached renders a discussion of the other reasons of appeal unnecessary.

There is error and a new trial is ordered.

In this opinion the other judges concurred.