ALICE M. SCUDDER ET AL. *v.* TOWN OF GREENWICH ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 13—decided July 16, 1940.

*H. Allen Barton,* for the appellants (defendants).

*Charles W. Pettengill*, with whom, on the brief, was *William C. Strong*, for the appellees (plaintiffs).

JENNINGS, J. The decisive question in this case is the validity of an order issued by the selectmen of Greenwich pursuant to Cumulative Supplement of 1935, § 1385c, printed in the footnote.[1]

The finding is not subject to correction because no evidence is printed. It discloses the following facts essential to the decision: The plaintiffs maintain a non-commercial kennel in the Round Hill district of Greenwich, a high class residential neighborhood. This district has no well-defined boundaries but is about five miles square. The kennel is licensed by the state. Cocker spaniels, a small breed of dogs, are raised there. An average of thirty-five dogs, exclusive of puppies, were kept in the kennel. They were not allowed to run at large. Their barking annoyed the neighbors, especially at night. On September 27, 1937, seven of these neighbors filed a written complaint with the selectmen. Notice was given to the named plaintiff of a hearing which, after several adjournments, was held on November 29, 1937. Most of the com-

[1] Sec. 1385c. COMPLAINTS. If any person shall make complaint in writing to the selectmen of a town, the warden of a borough or the chief of police of a city that any dog owned or harbored within such town, borough or city is a nuisance by reason of vicious disposition or excessive barking or other disturbance, or that any dog, by such barking or other disturbance, is a source of annoyance to any sick person residing in the vicinity, such selectmen, warden or chief of police shall investigate such complaint and may make such order concerning the restraint or disposal of such dog as may be deemed necessary. Any person owning or harboring such dog who shall fail to comply with such order shall be fined not more than twenty-five dollars or imprisoned not more than thirty days or both, and the dog warden having jurisdiction shall capture and confine or kill such dog or return it to its owner or harborer, as may be directed by such selectmen, warden or chief of police.

plainants appeared, testified and were cross-examined by counsel for the plaintiffs. No attempt was made by anyone at the hearing to identify any certain dog or dogs referred to in the complaint. The plaintiffs offered no evidence, claiming that the selectmen had no jurisdiction under the circumstances. After consultation among themselves and with others, the selectmen, on December 9, 1937, issued the following order:

"To Alice B. McCutcheon Scudder
    Townsend Scudder.
"It is ordered, that on and after February 1, 1938, you shall not harbor or keep on any tract of land owned by you in the Round Hill district of the Town of Greenwich, more than ten dogs of either sex over three months of age."

On January 20, 1938, the defendants, without notice or hearing, were served with this temporary injunction restraining them from enforcing the order and from interfering with the maintenance of the kennel. None of those who made the complaint to the selectmen were present at the trial of this case in the Superior Court. The trial court concluded that the order was void. Among its reasons were that the power of the selectmen was limited by the statute to orders affecting specific dogs which had created a nuisance and that the order in question was discriminatory in that it denied the right of the plaintiffs to harbor any number of dogs upon the obtaining of an appropriate license, so long as a nuisance was not created thereby.

In maintaining a kennel, the plaintiffs were engaged in an activity recognized as legal and proper by the state. General Statutes, Cum. Sup. 1935, § 1367c; *State* v. *Tripp*, 84 Conn. 640, 645, 81 Atl. 247. A reading of

the statute quoted indicates that it was not directed at this sort of enterprise. Paraphrased, it says that if any dog is a nuisance because of excessive barking, the selectmen may make such order concerning the restraint or disposal of such dog as may be deemed necessary. The conclusion of the trial court that the order, under the statute, must concern a specific dog or dogs is the only reasonable conclusion. Had the legislature intended to reach such a situation as that disclosed here, the statute would have been worded very differently. Nor are the complainants remediless. As is indicated in *Woolf* v. *Chalker,* 31 Conn. 121, 130, if the plaintiffs are maintaining a nuisance, the courts are open to them for redress. 46 C. J. 702.

In view of this conclusion, the only claim of law of the defendants which requires notice is that equity will not enjoin the enforcement of a criminal prosecution under the statute. This is the general rule. *Tyler* v. *Hamersley,* 44 Conn. 419, 422; *Truax* v. *Raich,* 239 U. S. 33, 37, 36 Sup. Ct. 7; 32 C. J. 279 et seq. To this rule there is a well recognized exception where a prosecution is threatened under an unconstitutional statute which will invade property rights or cause irreparable injury. *Truax* v. *Raich,* supra; *Hygrade Provision Co., Inc.* v. *Sherman,* 266 U. S. 497, 500, 45 Sup. Ct. 141. See *Doncourt* v. *Danaher,* 126 Conn. 678, 13 Atl. (2d) 868. The exception has been extended to restrain a prosecution under a void order. *Gulf & I. Ry. Co. of Texas* v. *Davis,* 26 Fed. (2d) 930, 934, affirmed 31 Fed. (2d) 109. "Where a prosecution for a violation of a municipal ordinance is threatened which will prevent the exercise of a business which in and of itself is perfectly lawful, equity will enjoin a criminal prosecution." *Morrow* v. *Atlanta,* 162 Ga. 228, 233, 133 S. E. 345.

Furthermore, in this case the injunction is not di-

rected to enforcement or prosecution for violation of a statute or even a general ordinance passed pursuant thereto. It is unnecessary to decide whether injunction would be the proper remedy were that the situation. It prevents the enforcement of an illegal order served on these individual plaintiffs to meet a specific situation. The statute provides that upon failure to comply with the order, the dog warden shall capture "such dog." He may be ordered to kill it. Therefore the failure of these plaintiffs to obey the order might result in the killing of a large number of their valuable dogs. Their property rights and their right to carry on a legitimate business would thus be interfered with. The plaintiffs had no right of appeal from the order and unless its enforcement were enjoined, these results might follow before the validity of the order could be otherwise tested. *Sage-Allen Co., Inc.* v. *Wheeler,* 119 Conn. 667, 672, 179 Atl. 195; *Port of Mobile* v. *Louisville & Nashville R. Co.,* 84 Ala. 115, 126, 4 So. 106. Under the peculiar circumstances of this case the remedy by injunction was proper.

This conclusion renders a discussion of the prayer for a declaratory judgment unnecessary.

There is no error.

In this opinion the other judges concurred.