MODERN MUSIC COMPANY
*vs.*
CORNELIUS J. DANAHER, LABOR COMMISSIONER OF THE STATE OF CONNECTICUT ET ALS.

MIRACLE MUSIC STUDIOS
*vs.*
CORNELIUS J. DANAHER, LABOR COMMISSIONER OF THE STATE OF CONNECTICUT ET ALS.

Superior Court          Fairfield County          File Nos. 61739
                                                          61740

MEMORANDUM FILED FEBRUARY 14, 1941.

*D. Harold Cotter,* of Bridgeport, for the Plaintiffs.

*Lorin W. Willis,* State's Attorney, pro se, and *Frank J. DiSesa,* Assistant Attorney General, for the Defendants.

CORNELL, J. Because of the conclusions reached, it will be unnecessary to discuss the evidence presented at the hearing had on the motion for a temporary injunction filed in each of these cases.

The litigation is concerned with the enforcement of the provisions of section 1317e of the 1939 Supplement to the General Statutes. This, in substance, and in so far as material here, prohibits the employment of minors or women for a period exceeding nine hours in any day or 48 hours in any calendar week in any manufacturing or mechanical establishment. For any violation of such provision a fine of not more than $25 is imposable for the first offense and for any subsequent one, a fine of not more than $100 or imprisonment for not more than 30 days or both.

Admittedly, women do work in the places of business of both plaintiffs for periods in excess of those limited in the statute, but the claim is that they perform their duties not as employees but as co-partners in the profits if not as co-owners of the respective establishments. Since it is evident that this is a question which may sooner or later be presented before another court, no opinion is expressed here concerning the status of such women nor as to whether persons who share in the profits made by a business in lieu of or in addition to daily or weekly compensation may not nevertheless be "employed" within the conception of the Act. Obviously, in any prosecution which may ensue, the plaintiffs here will have full opportunity to present the same evidence and to submit the same questions.

What is sought here is (1) to restrain the defendants Otto H. LaMacchia and John T. Cullinan as prosecutors of the City Court of Bridgeport, as well as the State's Attorney, from signing and issuing warrants for the arrest of the proprietors of the respective establishments for violation of the provision mentioned *supra,* or to put it baldly, to prevent them from in-

voking the enforcement of the criminal law in that respect. It is the general rule that a court of equity will not interfere with the administration of the criminal law by enjoining a prosecution authorized by a statute commenced or threatened. *Scudder vs. Greenwich,* 127 Conn. 71, 74. This is true, not-withstanding that the enforcement of the law may be accom-panied with injury to plaintiff's business or property. 32 C.J. *Injunctions* §443.

"To the rule, there is a well recognized exception where a prosecution is threatened under an unconstitutional statute which will invade property rights or cause irreparable injury." *Scudder vs. Greenwich, supra,* 74. That, however, is not available to the plaintiffs here since no such claim is made in the complaint in either action. Moreover, the Act here in-volved is one of a class exerting a police power, the constitu-tionality of which has been affirmed recently. *Doncourt vs. Danaher,* 126 Conn. 678, 682.

The same reasons as inhibit interference with the prosecu-tors of the City Court of Bridgeport and the State's Attorney are persuasive as respects interference by injunction with any attempt to "procure" a warrant for the arrest of the plain-tiffs by the State Commissioner of Labor or his agents or employees. That official is charged by law with the enforce-ment of the provisions of the statute in question, the validity of which is not challenged and the constitutionality of which is unquestionable. He is not accused of having made an order in excess of his authority or of threatening to do anything beyond the scope of the Act as was the case with an official in *Scudder vs. Greenwich, supra.* Quite apart from that, it is never proper to restrain either a public official or a private citizen from applying for a warrant for the arrest of another since such a request is addressed to a prosecuting official who must be presumed to perform his duty, whether that requires issuance or refusal to issue such warrant.

There is nothing presented here which would justify an interference by the court in the enforcement of the criminal law and nothing to suggest that if as the plaintiffs claim, their status is not one at which the statute strikes, their rights will not be fully respected, in event that prosecution is pursued.

Motion for temporary injunction made in each case, denied.