THOMAS BUTLER *v.* S. SOLOMON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Submitted on briefs February 4—decided March 7, 1941.

*A. D. Slavitt* and *Paul J. Grumbly,* for the appellant (defendant).

*Lyman H. Steele,* for the appellee (plaintiff).

AVERY, J.   The plaintiff brought this action on the common counts to recover for services and materials alleged to have been furnished to the defendant at the request of the latter.   The case was tried to the court and resulted in a judgment for the plaintiff, from which the defendant has appealed.   There are only two questions involved: (1) whether the finding must be corrected so as to show that when the services were rendered the circumstances were such that the plaintiff could not have expected to receive payment therefor; and (2) certain rulings on evidence.   The finding discloses these facts: The plaintiff is a builder and mason by trade.   The defendant is engaged in the business of installing fixtures.   In the spring of 1936, a man named Farb leased a store in New Haven and contemplated opening a restaurant therein.   To render the premises suitable for the restaurant business, certain remodeling was required.   Farb requested the plaintiff to do this remodeling and furnished him with plans and specifications for that purpose.   The plaintiff substantially completed this work.   The equipment, fixtures, flooring, tile work, doors, woodwork, and interior of the restaurant were to be furnished and installed for Farb by the defendant.   The plaintiff did not know at any time the terms of the contract between Farb and the defendant.   The defendant requested the plaintiff to make certain alterations in the work, which had been done by the plaintiff, and to do certain additional

work, a part of which was paid for by the defendant. The alterations and additional work requested by the defendant were not shown on the specifications furnished the plaintiff by Farb. The work was done either in connection with the installation of fixtures the defendant had agreed to install or to suit the defendant and to accommodate the equipment he was putting in. It was performed in the usual course of the plaintiff's business and this was known to the defendant and it was beneficial to him; and he knew, or, as a reasonable person, should have known, that the plaintiff expected to be paid by him for the labor and materials which were furnished at the defendant's request and under his instructions. These facts are supported by testimony printed in the record or by reasonable inferences from the testimony, and no correction in the finding is permissible by which the position of the defendant will be materially improved.

An implied contract would arise if the plaintiff rendered services, at the request of the defendant, under an expectation that they were to be paid for and if the defendant either intended to pay for them or the services were rendered under such circumstances that the defendant knew, or, as a reasonable person, should have known, that the plaintiff did expect payment. *Clark* v. *Diefendorf*, 109 Conn. 507, 510, 147 Atl. 33; *Weinhouse* v. *Cronin*, 68 Conn. 250, 253, 36 Atl. 45; *Ford Co.* v. *Dudley*, 104 Conn. 519, 523, 133 Atl. 746. "If the request is made under such circumstances that a reasonable person would infer an intent to pay for them (and this is always a question of fact under all the circumstances of the case) the request amounts to an offer, and a contract is created by the performance of the work." 1 Williston, Contracts (Revised Ed.) § 36. The conclusion of the trial court that the services and materials were performed and furnished to the

defendant under circumstances which would imply a promise on the defendant's part to pay the plaintiff their reasonable value, is supported by the subordinate facts found and cannot be successfully assailed.

In the course of the trial, the defendant sought to introduce a conditional sales contract between the defendant and Farb for the purpose of showing the extent of the work which the defendant had contracted to do and thereby raising the inference that because the work was not within the scope of the contract the defendant did not expect to pay for it. The plaintiff knew nothing about the defendant's contract with Farb. That contract, therefore, in no way tended to show whether the services were rendered under such circumstances as to apprise the defendant, as a reasonable man, that the plaintiff expected payment therefor. The question in such a case is not whether the defendant in fact expected to pay for the services but whether they were rendered under such circumstances that the defendant either knew, or, as a reasonable man, should have known, that the plaintiff expected compensation. The contract between the defendant and Farb, of which the plaintiff knew nothing, had no bearing upon the issue involved. *Ford Co.* v. *Dudley,* supra, 523. The trial court did not err, therefore, in excluding this contract upon the plaintiff's objection and in excluding testimony of the defendant as to the amount paid to him by the owner on the signing of the contract.

There is no error.

In this opinion the other judges concurred.