### CROSBY v. MOSIER, et ux.

No. 64-1451-E.

Circuit Court, Duval County.

December 15, 1964.

J. Henry Blount and Thomas D. Oakley, both of Jacksonville, for plaintiff.

Walter C. Shea, Jacksonville, for defendants.

TYRIE A. BOYER, Circuit Judge.

*Final decree:* This cause was commenced by the zoning director of Duval County pursuant to section 8, chapter 17833, Laws of Florida, Acts of 1937, seeking an injunction restraining the defendants from maintaining a kennel on certain property owned by them and zoned as Business A-1.

The sole question to be determined is whether or not the defendants are in fact maintaining a "kennel" on their property. It is clear that by virtue of the Duval County zoning regulations, the validity of the adoption of which is not challenged by the defendants, the maintaining of a kennel on property zoned Business A-1 is prohibited. In their answer the defendants admitted that their property is so zoned.

The evidence is clear and uncontradicted that the defendants have constructed on the subject property a large fenced enclosure and a building the size of an average automobile garage. The defendants also admit that they customarily keep on said premises in excess of twenty dogs. However, they contend, and the evidence reveals, that they are the owners of the dogs and that the maintenance of the dogs and the facilities for their keep on the subject property is not for a commercial purpose, viz: they do not board dogs for others and the particular dogs which they keep on the subject property are not directly a part of any commercial enterprise. Thus, the definition of the word "kennel", as that word is used in the Duval County zoning regulations must be determined.

Webster's New Collegiate Dictionary, 1961 Edition, defines the word "kennel" —

"1. A house for a dog or for dogs. Also (often in pl.), an establishment where dogs are bred. 2. A pack of dogs."

In the case of State v. Tripp, 81 A. 247, 84 Conn. 640, the court defined the word "kennel" as follows —

" . . . The word 'kennel' as used in the statute does not mean the house or place in which the dogs are kept, *but a pack or collection of dogs* usually kept or bred for hunting or sale." (Italics added.)

Volume 51 Corpus Juris Secundum on page 428, describes a "kennel" as —

"A house for a dog or for dogs, or for a pack of hounds; but the term is sometimes used in the sense of a pack or collection of dogs usually kept or bred for hunting, or for sale."

The defendants contend that the use of the word "kennel" in the zoning regulations denotes a business use and that no number of dogs maintained for a non-business use may constitute a kennel.

Though the undersigned judge is constrained to admit that prior to consideration of this case the use of the word "kennel" suggested to him a commercial enterprise, a careful consideration of the Duval County zoning regulations and the purpose thereof convinces this court that a commercial purpose is not a necessary incident to the maintenance of a kennel.

This court would be unwilling to apply, in a case of this nature, the literal defination found in Webster, as above quoted. To do so would prohibit dogs as pets and would prohibit a house for a pet dog, which this court does not find to have been the intention of the board of county commissioners upon adopting the Duval County zoning regulations. It is not intended by this order to lay down a hard and fast rule as to the number of dogs which may be maintained on premises, the zoning of which prohibits the maintenance of a kennel, before transgressing such regulation, nevertheless it is clear that the maintenance of in excess of twenty greyhounds on premises, the zoning of which prohibits the maintenance of a kennel, does constitute such a transgression.

In the opinion of the undersigned judge, the word "kennel" as used in a law or regulation pertaining to the maintenance thereof, may be defined as the maintaining or housing of dogs in excess of the number customarily kept as pets. Thus, an individual with a bitch and a litter of pups would not be maintaining a kennel, though multiple bitches with litters might very well, depending upon the peculiar circumstances of each particular case, constitute a kennel.

Having defined a "kennel" it is now necessary to consider the defendants' contention that the subject regulations are unconstitutional because of vagueness and indefiniteness by virtue of the uncertain meaning of the word. It is true that a law, including a regulation, which contains words which are too indefinite or vague, or which are subject to varied interpretations so as not to be reasonably subject to definition, does not conform to constitutional standards. (See Winters v. New York, 333 U. S. 507, 68 S. Ct. 665, 92 L. Ed. 840; Connally v. General Construction Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516.) However, appellate decisions are replete with judicial definitions of words and the mere fact that parties cannot agree upon a

proper definition does not render a law invalid. The word "kennel" is no more indefinite than many of the words of the English language which are used daily, the exact meaning of which are seldom considered until they are presented for judicial review.

Upon consideration thereof, it is ordered, adjudged and decreed that the defendants, Bill Mosier and Bette L. Mosier, his wife, are maintaining a kennel on the property described in the amended bill of complaint, to-wit —

That certain property situate and being in the County of Duval, State of Florida, described as: All that part of the East one-third (E 1/3) of the West three-fifths (W 3/5) of Tract Seven (7), Block Two (2), Section twenty-two (22), Township Two (2) South, Range Twenty-five (25) East, JACKSON-VILLE HEIGHTS, according to plat thereof recorded in Plat Book Five (5), page Ninety-three (93), of the current public records of Duval County, Florida, lying North of the Florida State Road No. 10 (U. S. Highway #90),

and said defendants are hereby enjoined from maintaining such kennel, as hereinabove defined, upon said property in violation of the zoning regulations applying to Business A-1 classification of the zoning regulations of Duval County, and said defendants are hereby directed to forthwith cease and desist from maintaining said kennel on said property.