[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff rendered hospital services to the defendant from December 28, 1996 to December 31 1996. The total bill came to $24,364.14, which included the sum of $19,702.89 designated "Pharmacy". The defendant disputes the sum.
The plaintiff relies on an implied contract between the parties.
 "An implied contract would arise if the plaintiff rendered services, at the request of a defendant, under an expectation that they were to be paid for and if the defendant either intended to pay for them or the services were rendered under such circumstances that the defendant knew, or, as a reasonable person, should have known, that the plaintiff did expect payment. `If the request is made under such circumstances that a reasonable person would infer an intent to pay for them (and this is always a question of fact under all the circumstances of the case) the request amounts to an offer, and a contract is created by the performance of the work.' 1 Williston Contracts (Revised Ed.) § 36."
Butler v. Solomon, 127 Conn. 613, 615.
The plaintiff offered the bill as evidence (Exhibit "A").
On the matter of the pharmacy, a document marked as "Pharmacy Inpatient Profile 6 Days after Discharge" shows the item of Immune Globulin IV Inj. 10% with a charge to the patient for $19,686.24 (Exhibit "B"). On Exhibit C, a listing of charges shows the charge to be $367.79 per vial. 87 vials were CT Page 7021 administered.
 "We regard as preferable the rule that proof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject matter, its reasonableness will be presumed."
Carangelo v. Nutmeg Farm, Inc., 115 Conn. 457, 462.
The court finds the issues for the plaintiff, and that it may recover the amount of $24,364.14 plus interest and costs.
Robert P. Burns Judge Trial Referee