[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Cardiology Associates of Fairfield County, P.C., a "professional medical provider, " seeks to collect $9,615.88 from the defendant, Irving Sussman, as a balance due for medical services provided to the defendant between November, 1995 and January, 1997. The case was tried to the court.[1]
The evidence indicates that on November 4, 1995, the defendant was admitted to the emergency room at St. Joseph's Hospital in Stamford and was diagnosed as suffering from cardiac problems. While at St. Joseph's he was treated by Doctors Jesus F. Yap, Jr. and Mark Heiman, members of the plaintiff medical corporation or group. Several days later, the defendant was transferred to St. Vincent's Hospital in Bridgeport where CT Page 7281 he was treated by Dr. Karl Alcan, who is affiliated with both the plaintiff group and with another medical group, Cardiology Physicians, P.C. The defendant was subsequently readmitted to St. Joseph's on February 19, 1996 and on April 3, 1996, where he was again treated by physicians affiliated with the plaintiff. The defendant received further care during a number of office visits with the plaintiff group which continued to on or about January 3, 1997.
On December 3, 1999, the first day of trial, after Dr. Yap and his office administrator, Linda Dixon, testified about the manner of billing, rate, and codes, the defendant, who appeared pro se in these proceedings, indicated on the record that he did not have a complaint about the amount of the bill for services by the plaintiff corporation. The defendant, however, did state that he believed that he had been "double billed, " that is, he had been billed directly by Dr. Alcan's group, Cardiology Physicians, P.C., for services rendered by Dr. Alcan at St. Vincent's, and then billed a second time by the plaintiff group for the exact same services rendered by Dr. Alcan, both times in the amount of $4,035.[2]
The trial was continued until a later date and the undersigned told the defendant that he was being given the opportunity to demonstrate that he had in fact been double billed for the services rendered by Dr. Alcan at St. Vincent's. When the trial resumed on January 31, 2000, the defendant was unable to show that Dr. Alcan's other group, Cardiology Physicians, P.C., and the plaintiff both billed for the same services rendered by Dr. Alcan. Rather, it appeared that the services provided by Dr. Alcan, an officer of the plaintiff corporation, were billed exclusively by the plaintiff and not by Cardiology Physicians, P.C.[3]
"An implied contract would arise if the plaintiff rendered services, at the request of the defendant, under an expectation that they were to be paid for if the defendant either intended to pay for them or the services were rendered under such circumstances that the defendant knew, or, as a reasonable person, should have known, that the plaintiff did expect payment. "If the request is made under such circumstances that a reasonable person would infer an intent to pay for them (and this is always a question of fact under all the I circumstances of the case) the request amounts to an offer, and a contract is created by the performance of the work.' 1 Willston, Contracts (Revised Ed.) 36." (Internal citations omitted.) Butler v. Solomon, 127 Conn. 613, 615, 18 A.2d 685
(1941).
The plaintiff proved through the testimony of Dr. Yap and Ms. Dixon that it had rendered certain medical services to the defendant, that the services were performed for the defendant under circumstances which would imply a promise on the defendant's part to pay the plaintiff their CT Page 7282 reasonable value, that the services were billed on a fair, reasonable and customary basis, and that the defendant was not billed twice for Dr. Alcan's services.[4] Therefore, judgment enters for the plaintiff to recover from the defendant $9,615.88.
The plaintiff is entitled to court costs to be taxed by the clerk in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of June, 2000.
William B. Lewis, Judge