[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Before the court is the defendant's motion to dismiss pending charges which are contained in two separate criminal infraction files (CI99-7513866 and CI00-0483535). The defendant stands charged with three CT Page 16192 counts of creating a nuisance by reason of excessive barking of dogs in violation of Sec. 22-363 of the Connecticut General Statutes.[1] The defendant's motion is made pursuant to Practice Book § 41-8 and specifically alleges that: (1) there are defects in the information constituting a failure to charge an offense; (2) there is an absence of jurisdiction of this Court over the subject matter alleged by the state; and (3) the law defining the offense charged is invalid as applied to the defendant. P.B., Sec. 41-8(2), (4), and (8).
The thrust of the defendant's motion as to each of the three subsections is that, pursuant to case law, the owner of a legally licensed and zoned dog kennel cannot be prosecuted under Sec. 22-363 of the General Statutes. The State, on the contrary, argues the fact that a dog kennel is legally licensed-and in compliance with applicable zoning regulations does not preclude the State from criminal prosecution of a kennel owner who is in violation of the statute.
The defendant relies heavily on Scudder v. Greenwich, 127 Conn. 71
(1940). His reliance is misplaced. The issue before the court in Scudder
was whether an order issued by the town selectman regarding the maximum number of dogs that the plaintiffs could harbor in their kennel was valid (Id. 72), and not, as in the instant case, whether the state has authority to prosecute the owner of a lawfully operated dog kennel. TheScudder court held that the selectman's order stating that the plaintiffs were not to keep any more than ten dogs on their property was invalid because the statute was a limited one.[2] The court concluded that the selectman's order interfered with a property right of the plaintiffs to carry on a legitimate business because, as issued, it would have permitted a large number of the plaintiffs' dogs to be seized and destroyed as a result of non-compliance with terms of the order. In short, Scudder stands for the proposition that a prosecution under a void order will be restrained. Id. 74.
The state, on the other hand, makes the claim that the defendant in the instant case, in the operation of his kennel, created a public nuisance. The case on which the State principally relies does offer some support for the proposition that a commercial kennel, depending on the circumstances, can be deemed a nuisance.[3] Herbert v. Smythe,155 Conn. 78, 83 (1967).
Nuisances become public when "they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public" [internal quotation marks omitted]. Couture v. Board of Education,6 Conn. App. 309, 314-15 (1986). "The term public nuisance comprehends a miscellaneous and diversified group of minor criminal offenses, based on CT Page 16193 some interference with the interests of the community or the comfort or convenience of the general public." 58 Am. Jur.2d, Nuisances, Sec. 36 (1989).
It is the defendant's position that the license issued to operate a commercial kennel pursuant to statute (Sec. 22-344, Conn. Gen. Stat.) insulated him from prosecution for maintaining a public nuisance. This does not necessarily follow. "(I)n general, legality is not conclusive on the issue of whether a nuisance exists. [T]he fact that an act may otherwise be lawful does not necessarily prevent it from constituting a nuisance, either public or private. . . ." 58 Am. Jur.2d, Nuisances, Sec. 462 (1989). The Supreme Court of Rhode Island expressed the principle well when it wrote:
 "[When a person is authorized by law to engage in a particular business at a designated place, he is not liable to indictment and punishment for the consequences which may flow from the exercise of such authority, provided, always, that he keeps strictly within the terms of his license, or permission, and does only the things contemplated by the act under which he is licensed, in a careful and proper manner. . . .[And] if [parties'] acts create what ordinarily would be a nuisance, and what cannot be clearly shown to be the natural and probable result of the privilege, or if by another method of proceeding the authorized object could have been accomplished without creating the nuisance, they cannot rely for protection upon the statutory authority."
 State v. Barnes, 20 R.I. 525, 530, 40 A. 374 (1898).
Whether the nuisance allegedly created was a normal and probable result of the license granted; i.e., to maintain and operate a commercial kennel; and whether the defendant conducted the business reasonably and in a proper manner, present issues of fact which are not before this court.[4] "Sound may be a nuisance, even in the prosecution of a business lawful per se." Buchanan v. Milford Drive-In Theatre Corp.,7 Conn. Sup. 322, 327 (1939). A determination thereof, however, requires a consideration of many factors, such as the degree and intensity of the sound, locality, and time when the sounds are heard, and the magnitude of the enterprise complained of. Id.
The court finds that the defendants can be charged with creating a public nuisance despite their operation of a lawful business, and, as applied to them, Sec. 22-363 is not invalid. The allegations contained in CT Page 16194 two long form informations are sufficient to charge an offense or offenses and potentially to support conviction thereunder.
Further, the court finds that it may properly exercise subject matter jurisdiction over the matter. Sec. 51-164s of our Statutes confers original jurisdiction upon the Superior Court to hear all causes of action imposing punishment for a crime or offense against the state.State v. Pompei, 52 Conn. App. 303-07 (1999). The criminal infractions charged in the informations are within such class.
Accordingly, and for the reasons above set forth, the defendant's motion to dismiss is hereby ordered denied.
Gaffney, J.T.R.